Parsons, C. J.
The defendant, although a stranger to the land, having no interest in it, has denied the plaintiff’s right to maintain this action, because the charters of inheritance at common law belong to the heir, and not to the administrator; and whether the plaintiff, in her capacity of administratrix, can or cannot maintain this action, is the question for our decision. And we are satisfied that in this state an administrator can maintain this action.
* It is very properly admitted that, for a conversion [ * 398 ] of the intestate’s goods in his lifetime, trover will lie by his administrator ; and the party who took an interest in charters of inheritance, may maintain not only detinue to recover them, but also trover for their conversion against a stranger. In this state, lands are assets in the hands of an administrator, for the payment of debts on a deficiency of personal estate; and in selling them, it may be necessary for him to exhibit the title deeds to persons who propose to purchase. So, if the intestate has sold the lands with warranty, and, after his decease, an action is brought to evict the purchaser, by a party claiming under a paramount title, the administrator may be sued in an action of covenant broken, if the purchaser be evicted, and damages recovered ; he may, therefore, have an interest to furnish the purchaser with the title deeds, to defend *324 his title under the purchase. For these reasons, in this state, the administrator has an interest, as against a stranger to the lands, who can have no color of right to the deeds.
In the case at bar, it may be further added, that the conversion was committed in the intestate’s lifetime, and while he lived, the damages for the conversion accrued to him ; which, as a chose in action, came to the plaintiff as his administratrix, and did not descend to the heir. We are, therefore, satisfied that this action may be maintained by the plaintiff in her capacity against a stranger.
Whether this action by an administrator could be maintained against an heir for the last reason, and also when, in fact, the lands are necessarily to be sold for the payment of debts, so that the heir has no interest in them, it is unnecessary to decide.