BENJAMIN BUCK vs. LUTHER M. KENT.

ADDISON,
January,
1830.

Where the payee of a note, which ought to have been delivered up to the maker, sold and transferred it to a third person, who afterwards sued the maker thereon and recovered judgement—It was held that an action of *trover* would lie by the maker against the payee to recover the amount of the note ; and that, if said judgement had any effect on the rights of the parties, an exemplification of the record ought to have been produced to show that such a judgement had been rendered.

Action of *trover* for two promissory notes executed by the plaintiff on the exchange of horses for the difference in the supposed value. One of the notes was made payable to a third person, the other to the defendant. At the time of the exchange it was agreed by the parties that, if the defendant's horse should prove unsound, the contract was to be rescinded. The bargain was afterwards, by mutual consent, rescinded, and the defendant thereupon agreed to return the notes. The plaintiff subsequently made demand of the defendant for the notes, who refused to deliver them, and afterwards, for a valuable consideration, transferred the one payable to himself to another person, to whom the plaintiff paid the amount, and then brought the present action.

At the trial in the county court, WILLIAMS, J. presiding, it appeared from the cross-examination of a witness, introduced by the plaintiff, that the assignee of the note brought an action thereon, in the name of the payee, against *Buck*, the present plaintiff, and that *Buck* appeared in that suit and defended ; but a judgement was rendered against him. The defendant's counsel contended, that the plaintiff was concluded by the judgement, and could not recover in this action for that note. The plaintiff's counsel insisted that, as the records of the judgement referred to were not produced, there was no legal evidence of any such judgement. The court charged the jury, that if the defendant had refused to deliver the notes to the plaintiff when demanded, and had disposed of the note in his favor after demand made on him, the plaintiff would not be concluded by a judgement rendered thereon, and might recover in this action for that note as well as the other. The defendant excepted to the charge of the court, and a bill of exceptions being allowed stating the foregoing facts, he removed the case to this Court, and prayed for a new trial.

*Phelps, for the defendant.*—It is admitted that a note against a third person may be the subject of controversy between two parties, and that the property may be determined in an action of *trover*. But it is doubted whether an action of *trover* will lie in

Addison,
January,
1830.

Buck
vs.
Kent.

any case to determine a question as to a promissory note between the maker and the payee. It would seem the only mode of determining the rights of the parties to a note is by suit on the note. If the note be considered a valid instrument, and in force, the property, as between the original parties, is undoubtedly in the payee. If it be considered legal evidence of a debt, and the debt itself a matter of controversy, the property in the instrument, as a piece of evidence, is unquestionably in the payee. If the note be considered as void, then it cannot be considered as property in any sense, nor as a proper subject for an action of *trover*. But the plaintiff in this case, in order to show a *conversion* of the note, introduced the evidence of the note's having been assigned, and a judgement having been rendered on it in the name of the defendant for the benefit of the assignee. It is very clear that the judgement is a bar to this suit. A judgement having been rendered against the present plaintiff on the note, it is not competent for him to overhaul the merits of the judgment by the action of *trover*. Further : It will be observed the jury found the full amount of the note in damages. This verdict cannot be justified except upon the ground that the note had been collected. Without that fact it was the duty of the court to direct the jury to find nominal damages.

It may be objected that the judgement was not properly proved. To this it is answered ;—*First* : That when the plaintiff shows the fact by any evidence which is admitted without objection, although it may be objectionable, the defendant is entitled to the benefit of the fact. *Secondly* : The rule is the same when the fact is drawn out upon the cross examination, provided the fact is necessarily connected with the plaintiff's showing. Thus in this case, the plaintiff attempted to show *conversion*. The defendant is, of course, entitled to cross examine as to the mode and manner of that *conversion*. The plaintiff, in order to recover more than nominal damages, shows that he was compelled to pay the notes. The defendant may cross examine as to how he was compelled. In short, the fact of the judgement makes a part of the plaintiff's case, and having been proved in the course of the testimony, he cannot object that the record was not produced.

*Bates and Chipman, for the plaintiff.*—In order to render a judgement or verdict conclusive, it must be pleaded by way of estoppel. If not so pleaded, it is only evidence for the jury to

weigh. But the case shows that the attention of the court was not called to it in this point of view, and there was no decision upon such a question. The judge was requested merely to instruct the jury that it was *conclusive*, and he charged them that it was not conclusive. 1 *Stark. Ev.* 205–6, *Metcalf's Ed.* In order to give any effect to a judgement or verdict, it ought to appear explicitly, that the same subject matter was adjudicated upon. The question asked the witness in this case was general, whether he appeared and defended ? not on what particular points he defended.

But the very reason why *trover* can be maintained for such a note is because it may some time or other be sued when the signer will not be prepared with his defence. If it is required of him to be always ready with his testimony, so that he could resist the note, the note could have no value, and could not be the subject of an action.

No precedent or authority applicable to this case is produced. It has no analogy to the cases of voluntary payments, or preadjudications upon the same right. The defendant had sold the note to a third person, and received a consideration for it. Can he complain or say he held the note rightfully because it has been paid to that person, or because that person has recovered a judgement ? On the contrary, as the plaintiff had placed in his hands a note fairly importing an obligation to pay, and subject to a condition not appearing on the face of it, it was certainly a dictate of morality, and could produce no evil consequences, that he should pay it to the *bona fide* purchaser, and look to the defendant for a remedy.

WILLIAMS, J. delivered the opinion of the Court.—The following questions are made in this case : 1st. Whether the plaintiff can maintain an action of *trover* for a note given by him to defendant under the circumstances detailed in this case ? 2nd. Whether, upon the evidence of the judgement rendered on the note, the plaintiff was so far precluded by the judgement, that he could maintain no action against the defendant for the injury sustained ?

The case states that this note was given to the defendant on the exchange of horses, but was to be returned to the plaintiff if he rescinded the contract for the exchange, and that the plaintiff did rescind that contract. The note in question went into the possession of the defendant lawfully, but, on the rescinding the contract, it was his duty to return it to the plaintiff when demanded.

ADDISON,
January,
1830.

Buck
*vs.*
Kent.

ADDISON;
January,
1830.

Buck
vs.
Kent.

After this rescinding, he held it in trust for the plaintiff, and any disposition of it contrary to this trust, and to the injury of the plaintiff, would be fraudulent on the part of the defendant. He did dispose of it contrary to his engagement, received its value, and the plaintiff was sued thereon and paid the amount. The case then shews a note in the possession of the defendant, which by the contract was to be returned to the plaintiff, and, of course, if it was a subject of property, it became the property of the plaintiff ; a fraudulent conversion of it by the defendant to his own use, and a consequent injury to the plaintiff. But the defendant says that the plaintiff cannot maintain any action against him for this injury, but should have resisted the payment of the note. This certainly comes with an ill grace from him. After he had retained the note, and refused to deliver it to the plaintiff in violation of good faith ; and, in violation of his agreement, had transferred it to a third person, and the plaintiff had been sued and had paid the contents, it is very ungracious in the defendant to tell the plaintiff that this note was of no value, that he might have successfully resisted the payment, or any recovery thereon, and leave the person, to whom the defendant had fraudulently transferred it, to seek his remedy against him. We are satisfied the law is not fraught with this absurdity, and that it is not competent for this defendant to dictate to the plaintiff the course he shall pursue to obtain a recompense for this fraudulent transaction. The defendant, by disposing of the note, determined its value. He considered it of value, and, as such, converted it to his own use ; and the principles of the law will justify the plaintiff in considering it in this same view, and will give to him a compensation for this conversion.

It is admitted that an action of *trover* will lie for a note against a third person ; but it is questioned whether it will lie to determine a question between the maker and the payee. If there was no authority *against* maintaining this action, we should feel disposed to sustain it. But the authorities fully warrant the action. In the case of *Towle, administratrix,* vs. *Lovet, (6 Mass.* 394,) an action of trover for the title deeds of the estate belonging to the intestate was supported. In the case of *Parry* vs. *Frame, (2 Boss. & Pull.* 451,) an action of *trover* was maintained for a lease delivered to the defendant, for the purpose of procuring an assignment drawn of the same, and who refused to redeliver it on demand or accept of an assignment. In the case of *Lucas* vs. *Haynes,* reported in 2 *Lord Raymond,* 871, and also in 1 *Salk.*

ADDISON,
January,
1830.

Buck
vs.
Kent.

130, *trover* was brought by the payee of a bill of exchange against the person on whom it was drawn, and with whom it was left for acceptance. In *Murray & Ogden* against *Burling*, (10 *Johns.* 172,) an action of *trover* was brought by the makers of a promissory note against an indorsee who had received it for the purpose of procuring it discounted for the benefit of the makers, but had passed it away for his own benefit, and which the plaintiffs, the makers, had paid and taken up. This last case is directly in point in favor of this action.

On the second question made, we are of opinion that if the judgement rendered on the note had any effect on the rights of these parties, an exemplification of the record should have been produced; and the court would not decide upon the legal effect of that judgement without higher evidence of it than the mere statement of the witness on his cross examination, that a judgement had been rendered. It was objected at the trial, that this was not sufficient evidence that such judgement had been recovered. And the defendant should have produced a regular copy of the record, if it was of any importance to him to have it in the case. As this disposes of all the questions which have been raised, it is unnecessary to enquire what would have been the effect of the judgement if it had been in evidence. At the jury trial I was of opinion that the fact of a suit having been brought on the note, and a judgement thereon, was of no other importance than as it might affect the damages to be recovered. If this action can be maintained, the right of the plaintiff to the action was complete when the defendant wrongfully sold the note, and the plaintiff might then consider the transaction as a *conversion* by the defendant, to the value of the full sum for which the note was given. He might either voluntarily pay the note, or he might suffer it to be sued and pass into judgement, and pay the amount thereof on execution. If he had resisted the payment, and defended a suit brought thereon, and in that way avoided the payment of the note, or any part thereof, it would have reduced the damages to which he would otherwise have been entitled; but would have had no other effect. And I still retain the opinion which I then formed.

The judgement of the county court is affirmed,

*Bates* and *Chipman*, for plaintiff.

*Phelps*, for defendant.