## JONATHAN WILBUR, Executor, *versus* JOHN GILMORE.

Under *St.* 1828, *c.* 112, an executor might maintain trespass *quare clausum* for an injury done to the land in the lifetime of the testator.

But if that statute had not been enacted, the provision in Revised Stat. *c.* 93, § 7, allowing such an action, is not unconstitutional when applied to a trespass committed before this provision went into operation, inasmuch as it affects the remedy only.

A judgment on a general demurrer to the declaration, in favor of the defendant, not rendered on the merits, is not a bar to a subsequent suit between the same parties for the same cause of action.

TRESPASS *quare clausum*. The action was submitted to referees, under a rule of court. They awarded to the plaintiff the sum of $5, as the actual value of wood and timber cut and carried away by the defendant, and submitted to the determination of the Court the legal questions arising in the case.

The trespass was committed in the lifetime of the plaintiff's testator. In the year 1835, the plaintiff commenced a suit against the defendant for the same cause of action. To that suit there was a general demurrer and joinder in the Court of Common Pleas, and judgment was there rendered that the declaration was bad and that the defendant recover his costs.

The defendant insisted that those proceedings were a bar to the present action.

The present action was commenced by the executor after the Revised Statutes went into operation, and another question submitted to the Court by the referees was, whether it could be legally commenced by the executor.

If the Court should be of opinion that the former proceedings were not a bar to this suit, and that the plaintiff had a right to maintain this action, judgment was to be entered that the award in favor of the plaintiff be accepted ; and if otherwise, the defendant was to recover his costs according to the award.

*Colby*, for the plaintiff. At common law a right of action, in some form, for cutting and carrying away trees from the land of another, survived to his executor. *Mellen* v. *Baldwin*, 4 Mass. R. 480 ; *Pitts* v. *Hale*, 3 Mass. R. 321 ; *St. 4 Edw* 3, c. 7 ; *St. 25 Edw.* 3, *c.* 5 ; *St.* 31 *Edw.* 3, c. 11 ; *Williams* v. *Breedon*, 1 Bos. & Pul. 329 ; *Emerson* v. *Emerson*, 1 Ventr. 187 ; *Le Mason* v. *Dixon*, W. Jones, 174 ; *Emerson* v. *Amell*, Freeman, 22 ; *Hambly* v. *Trott*, Cowp. 371 ; *Cravath* v. *Plympton*, 13 Mass. R. 454 ; *Holmes* v. *Moore*, 5 Pick. 257. The Revised Stat. c. 93, § 7, allowing the executor to bring trespass *quare clausum* in such a case, is not unconstitutional when applied to a trespass committed before the Revised Statutes went into operation, for the provision affects the remedy only. *Foster* v. *Essex Bank*, 16 Mass. R. 273 ; *Holbrook* v. *Finney*, 4 Mass. R. 566 ; *West* v. *West*, 2 Mass. R. 223.

The former judgment is not a bar to this action. 1 Chit. Pl. (5th ed.) 227 ; Gould's Pl. 478.

*Coffin* and *Pratt*, for the defendant, contended that the former judgment was rendered upon the merits and was a bar to this action   *Kent* v. *Kent*, 2 Mass. R. 338 ; *Baxter* v. *New England Mar. Ins. Co.* 6 Mass. R. 286 ; *Homer* v *Fish*, 1 Pick 440 , *Standish* v. *Parker*, 2 Pick. 20 ; *Minor* v *Walter*, 17 Mass. R. 237 ; *Loring* v. *Mansfield*, 17 Mass. R. 394.

Trespass *quare clausum* for a part of the freehold severed, does not survive in England ; and the provision in the Revised Statutes applies only to future cases. *Little* v. *Conant*, 2 Pick 527 ; *Holmes* v. *Moore*, 5 Pick. 257 ; *Boynton* v. *Rees*, 9 Pick. 532 ; *St.* 1822, *c.* 110 ; *Loomis* v. *Ives*, 15 Pick. 435

*Wilbur*
*v.*
Gilmore.

*Oct.* 25th.

MORTON J. delivered the opinion of the Court.    Two questions are referred to the Court by the report of the referees. 1. Can this action be maintained by the executor ?    2. Was it barred by a former judgment between the parties ?

1. *Actio personalis moritur cum personâ*, was a maxim of the ancient common law.    And before the statute of 4 *Edward* 3, *c.* 7, no action *ex delicto* would survive to the personal representative.    But that statute authorized an executor to maintain an action of trespass for chattels taken and carried away in the lifetime of his testator.    The principle, by an equitable and somewhat liberal construction of the statute, was extended to all cases of injury to personal property, whether actually removed or destroyed or not.    So on the other hand, whenever the property taken by the testator or intestate was converted to his own use, so as to become a part of his assets, an action, in some form, would lie against his representative to recover the value of the property.    *Mellen* v. *Baldwin*, 4 Mass. R. 480 ; *Cravath* v. *Plympton, Adm'r*. 13 Mass. R. 454 ; *Holmes* v. *Moore et al.* 5 Pick. 257 ; *Towle, Adm'x*. v. *Lovett*, 6 Mass. R. 394 ; *Hambly* v. *Trott, Adm'r*. Cowp. 372.

There can be no doubt that the ancient statute of 4 *Edward* was adopted and practised upon before our constitution was formed. 6 *Dane's* Abr. 607.    Under that statute it has been holden, that trespass *quare clausum fregit* could not be maintained by an executor for cutting down trees, &c. though trespass *de bonis asportatis* for the same trees might be.    *Williams* v. *Breedon*, 1 Bos. & Pul. 329 ; *Emerson* v. *Emerson*, 1 Ventr. 187 ; *Le Mason* v. *Dixon*, W. Jones, 174. The plaintiff therefore, without the aid of any of our own statutes, might have recovered for the asportation of the trees.    The value of these trees is precisely what the referees have awarded him. Even if necessary, the Court, under the very general authority given them in Revised Stat. *c.* 100, § 22, might allow the plaintiff to change the form of his action.

But this is not necessary, for the form of the action is well supported by the 7th and 8th sections of the 93d chapter of the Revised Statutes.    There can be no objection to the operation of these provisions ; for they only furnish a different remedy for an existing right.    And the *St.* 1828, *c.* 112, which proba

bly passed before the trespass complained of was committed, gave to the executor the same remedy. See *Boynton* v. *Rees*, 9 Pick. 528.

2. The former judgment was rendered on a general demurrer to the declaration, and is no bar to this action.

The general rule undoubtedly is, that the judgment in one action shall bar all other suits between the same parties and for the same cause of action. *Interest reipublicæ ut sit finis litium.* But this rule is limited to judgments rendered on the merits. If the plaintiff be nonsuit for want of proof, or because his *allegata* and *probata* do not agree, or for any other cause, he may commence another action. 1 Chitty on Pl. (5th ed.) 227 ; Gould on Pl. 478. Even a judgment of nonsuit on the merits, or on an agreed statement of facts, has been holden to be no bar to another action. *Knox* v. *Waldoborough*, 5 Greenl. 185 ; *Bridge et al.* v. *Sumner*, 1 Pick. 371. So if the plaintiff mistake the form of his action, as if he bring trespass instead of trover, and his writ be adjudged bad on demurrer, the judgment will not bar an action of trover. 1 Chit. Pl. (5th ed.) 227 ; Gould on Pl. 478, § 46. So if the plaintiff mistake his cause of action and the defendant demur and have judgment, this will not preclude the plaintiff from commencing a fresh action, correctly setting forth the right cause. So also if the declaration be demurred to, or a bad plea be pleaded and demurred to, and a judgment be rendered against the plaintiff for the insufficiency of his declaration, it will not estop the plaintiff from bringing another action to enforce the same right ; because the case as stated in the last declaration was not tried in the first. In all these cases, if the defendant plead the former judgment in bar, the plaintiff may reply that it was not obtained on the merits. 1 Chit. Pl. (5th ed.) 227 ; Gould on Pl. 478, § 45 ; Vin. Abr. *Judgment*, ( Q 4 ;) *Lampen* v. *Kedgewin*, 1 Mod. 207. In this last case, *North* C. J. says, " there is no question but that if a man mistakes his declaration and the defendant demurs, the plaintiff may set it right in a second action."

It is apparent from the record, that the former judgment between these parties, was rendered upon the insufficiency of

the declaration and not upon the merits of the case, and therefore can be no bar to the present action.

*Award of referees accepted.*