JOSEPH WHEELER, Appellant, *v.* CHARLES F. ALLEN, Respondent.

A recovery cannot be had, in an action to recover possession of personal property, for property of which defendant never had the possession, nor can a recovery be had where the legal title of the property is in defendant, he holding it as trustee for plaintiff. The proper remedy in the latter case is an action in equity for an accounting.

Plaintiff placed in the hands of defendant a sum of money, at two different times, to invest in the scrip of an insurance company. Defendant made the first investment, but caused the scrip to be issued in his name. The last sum he appropriated to his own use, giving to plaintiff a false certificate, stating that it was invested as directed. In an action to recover possession of the scrip,—*Held*, that it was impossible to adjudge the delivery of any particular scrip, and that plaintiff could not recover.

(Argued January 12, 1872 ; decided May term, 1872.)

APPEAL from order of the General Term of the Supreme Court in the first judicial district, reversing a judgment in favor of plaintiff entered on a verdict, and directing a new trial.

The action was brought to recover the possession of personal property.

The complaint alleged that the defendant had become possessed of and wrongfully detained from the plaintiff the following goods and chattels of the plaintiff, that is to say : Securities (partially written and partially printed), known as

scrip of the Great Western Insurance Company, in and of the city of New York, issued by the said company, a portion thereof in 1864 of the value of $1,310, and the residue in 1865 of the value of $4,880; and the plaintiff thereupon demanded judgment that the " defendant deliver to the plaintiff the said goods and chattels," and pay the plaintiff damages for the detention thereof.

The defendant, by his answer, denied each allegation of the complaint.

After the plaintiff rested his case the defendant moved for the dismissal of the complaint on several grounds, which, with the facts in the case, so far as they are material to the decision in this court, sufficiently appear in the opinion of the chief commissioner.

*William A. Coursen* for the appellant. No demand for the delivery of the scrip was necessary in this case. (*Delamater* v. *Miller*, 1 Cow., 75; *Everett* v. *Coffin*, 6 Wend., 603.) A demand might be considered as made, if necessary to sustain the verdict. (*Bates* v. *Graham*, 1 Kern., 37; *Pratt* v. *H. R. R. R. Co.*, 21 N. Y., 305.) This action will be sustained whether defendant had or had not possession of the scrip when the action was commenced. (*Nosser* v. *Corwin*, 36 How. Pr., 540; *Van Nest* v. *Conover*, 20 Barb., 547; *Nichols* v. *Michael*, 23 N. Y., 264, 268, 269–272; *Jessup* v. *Miller*, Ct. Apps., 1864; *Knapp* v. *Smith*, 27 N. Y., 281; *Levi* v. *Dorn*, 28 How., 217; *Frost* v. *Sar. Mut. Ins. Co.*, 5 Denio, 154.)

*Wm. Henry Arnoux* for the respondent. Such an action requires that plaintiff should have the right of possession. (*Roberts* v. *Randall*, Sandf., 707; *Pike* v. *Lent*, 4 id., 652; *Brockway* v. *Burnap*, 12 Barb., 347; *Ely* v. *Ehle*, 4 N. Y., 509; *Nichols* v. *Michael*, 23 N. Y., 364; *Garth* v. *Howard*, 5 Car. & P., 346; *Jones* v. *Dowle*, 9 Mess. & W., 19.) Plaintiff must allege and prove a demand. (*Hall* v. *Robinson*, 2 N. Y., 293; *Moses* v. *Walker*, 2 Hilt., 536; *Pringle* v.

*Phillips*, 5 Sandf., 157; *Hillmar* v. *Squire*, 1 Den., 327; *Farington* v. *Payne*, 15 J. R., 431; *Jessup* v. *Miller*, 1 Keyes, 321; *Pillsbury* v. *Webb*, 33 Barb., 213; *Monnott* v. *Ibert*, 33 Barb., 24; *Alexander* v. *Southey*, 4 B. & Bld., 247; *Fuller* v. *Lewis*, 3 Abb., 383; *N. Y. Car Oil Co.* v. *Richmond*, 6 Bosw., 213; *Powers* v. *Basford*, 19 How., 309; *Gurney* v. *Kenny*, 2 E. D. Smith, 132; *Barrett* v. *Warren*, 3 Hill, 315; *Purves* v. *Moltz*, 5 Rob., 653; *James* v. *McKennon*, 6 J. R., 563; *Lyon* v. *Talmadge*, 14 id., 516; *Ferguson* v. *Same*, 2 N. Y., 350; *McKyring* v. *Bull*, 16 id., 297, 303; *People* v. *Ryder*, 12 id., 437; *Morrel* v. *Irving Ins. Co.*, 35 N. Y., 429, 443; *Crockett* v. *Lee*, 7 Wheat., 522; *Wright* v. *Delafield*, 25 N. Y., 266, 270; *Woodruff* v. *Dickie*, 31 How., 164; Code, § 258.) Defendant's testimony as to the reinvestment of the moneys when the scrip should be paid, was improperly excluded. (*Renard* v. *Sampson*, 12 N. Y., 561–566; *Mowatt* v. *Ld. Londesborough*, 3 El. & B., 307; *McCullock* v. *Girard*, 4 Wash. C. C., 29.)

LOTT, Ch. C. It appeared by the testimony of the plaintiff that he, in the spring of 1862, and again in 1864, placed the sum of $1,000 in the hands of the defendant for investment in scrip of the Great Western Insurance Company, both of which sums were represented by him to have been so invested. The first investment was paid off in February or March, 1865, and the avails thereof, with the interest thereon, were received by the defendant, with instructions from the plaintiff to reinvest the amount in the same kind of scrip, that was to be issued in April following, and the defendant stated that such reinvestment was also made. The scrip in which the second and last investments were made is that for the recovery whereof this action is brought.

After this was shown, the plaintiff was asked whether, before bringing this suit, he asked the defendant for the scrip. This question was objected to on the ground that there is no allegation of demand in the complaint. The court ruled that no such allegation was necessary. This

ruling was excepted to, and he then testified that he had a conversation with the defendant before the action was brought, which, as it is material on the question of demand, it is useful to set forth, and is as follows: "I said to Mr. Allen, 'something might occur between us, and I would rather it would stand in my name;' Mr. Allen remarked 'you had better let it remain as it is;' he seemed inclined to act indifferent about it; says I, 'Mr. Allen, I will be in the city again in two or three weeks, and then I would like to arrange this thing;' in probably three or four weeks I was here again; I went down and told Mr. Allen my business; 'now,' says I, 'I would like to arrange that scrip business;' says he, 'I cannot do anything about it;' says I, 'why not?' says he, 'it is in such a shape that I cannot do anything about it;' I tried to ascertain the shape in which it was, but he would not give me any satisfaction about it; says he, 'I have got business out, and cannot attend to it;' I followed him to the steps; says I, 'Mr. Allen, you must be very confident — I am not easy, under the circumstances, to let this remain so;' he gave me no satisfaction, and says, 'I shall not do anything about it,' and wheeled and went off."

He subsequently stated: "Mr. Allen has never given any of that scrip back to me."

On his cross-examination, he, in answer to a question whether the defendant held the scrip, said: "I presume he did; this was what I always supposed; it was never in my name that I know of."

After some additional evidence in relation to the leaving of the money for investment, and the value of such scrip in 1864 and 1865, the plaintiff rested his case.

Thereupon the defendant's counsel moved to dismiss the complaint on the following grounds:

1st. No demand has been made for the delivery of this property previous to the commencement of this action.

2d. The defendant was not in possession of the scrip at the time the suit was brought, and the plaintiff's remedy was an action for conversion.

3d. The plaintiff must have a clear legal right of possession to the article demanded before this action can be brought.

4th. That the property of which the plaintiff claims the delivery has not been specified or identified.

5th. That the plaintiff has not proven or alleged facts sufficient to constitute a cause of action.

This motion was denied, and the defendant excepted to the decision.

This exception was well taken. It is not alleged in the complaint, nor is it shown by the evidence, that any particular scrip capable of identification or of any certain designation was ever purchased for the plaintiff, and it is certain that none is shown to have been taken in the name of the plaintiff.

It was, therefore, impossible to adjudge the delivery by the defendant to the plaintiff of any specific scrip:

For the same reason, a demand, which was necessary to the maintenance of this action, could not and consequently was not made. The only testimony bearing on that question is what I have above set forth. That does not profess or purport, in any form, to point out or call for any certain designated scrip. The object of the conversation in reference to it was to have the investments, which were reported by the defendant to have been made for the plaintiff, so designated by having the scrip placed in his name. He expressed a wish "to arrange that scrip business," saying, among other things, that "something might occur between us, and I would rather it would stand in my name."

The application was for a settlement of the transaction between them, and can in no sense be construed into a demand for any certain or specific scrip.

An objection was distinctly taken, that there was no such demand either alleged or proven, and also that on the trial there was an entire failure to show that the defendant held any particular scrip to which he could assert the right of possession.

The views above expressed lead me to the conclusion that the motion to dismiss the complaint should have been granted, and that the General Term properly ordered a new trial.

That order must be affirmed with costs, and judgment absolute against the plaintiff pursuant to his stipulation.

EARL, C. The plaintiff in this action of replevin claimed to receive scrip of the Great Western Insurance Company to the amount of $1,310, which was issued in the year 1864, and scrip in the same company for $3,570 issued in the year 1865, and he recovered upon the trial for both scrips.

There are two grounds upon which I hold this recovery was erroneous.

1. As to the scrip of 1865, it is undisputed that the defendant never purchased any for the plaintiff. He was directed to take the plaintiff's money, which was in his hands, and invest it in the scrip of that year. But he did not do so, but used the money for other purposes. It is true, however, that he gave plaintiff a certificate June 2, 1865, stating that he had invested this money in such scrip, but this certificate was untrue. While it may be true that an action of replevin may be maintained to recover property which the defendant has had in his possession but has wrongfully disposed of, I know of no authority or principle which will authorize a recovery in such an action for property of which the defendant never has had the possession.

2. It seems to be undisputed that the scrip for the $1,310 was issued to the defendant and stood in his name. Hence, he had the legal title to the same. In law he held the same as trustee for the plaintiff, and as such trustee he could be compelled to account to the plaintiff in an action of equity. But an action of replevin to recover the scrip under such circumstances is a great novelty. The legal title was never vested in the plaintiff, and his only remedy to procure this scrip was by an action in equity.

The order of the General Term should be affirmed and judgment absolute rendered against the plaintiff for costs.

All concur, LEONARD, C., not sitting.

Order affirmed, and judgment accordingly.