INHABITANTS OF OTISFIELD *vs.* JOSEPH S. MAYBERRY.

*Maker entitled to note on payment. Trover lies for its non-delivery.*

The maker of a note upon payment is entitled to its possession; and if the holder or payee then refuses to deliver it to the maker, or transfers it as a note due and unpaid, he will be liable in trover to the maker.

ON EXCEPTIONS.

TROVER for the alleged conversion of a note, dated August 20, 1870, given by the plaintiffs, through their treasurer, promising to pay Sumner Burnham or bearer $600, on demand with interest. The declaration set out that the defendant was duly elected and qualified as a selectman of Otisfield; and that this note, so given, came into his hands while he was acting in his official capacity, for the purpose of cancellation and destruction, that it should no longer be outstanding as an evidence of indebtedness; that it was his duty to obliterate and cancel it, so that it could not again be circulated, it having been paid January 18, 1871, out of

the treasury of the town; but that the defendant knowingly and fraudulently retained possession of the note, did not cancel or destroy it, but fraudulently again put it into circulation, and transferred it to a *bona fide* holder for value, who bought it without notice of the fraud ; by reason whereof the town was induced to, and did pay the note a second time to such innocent holder. There was a second count, omitting the statement of his official position, and a third and fourth alleging a fraudulent conversion of town orders, not connected with this note.

The exceptions were taken to a ruling of the justice of the superior court sustaining a demurrer to this declaration. It was agreed that, if the action could be maintained in any form, upon the facts set forth in the declaration, the writ may be amended, if desired, to conform to the opinion of the court, and that the defendant might plead over if the exceptions were sustained.

· *Strout & Holmes*, for the plaintiffs.

"Fraud and damage concurring the law must give relief" in some form. *Miller* v. *Wills*, 23 Conn., 31; and that adopted seems most appropriate. *Stone* v. *Clough*, 41 N. H., 290.

*S. C. Strout* and *H. W. Gage*, for the defendant.

As the declaration alleges, the note had been paid by the treasurer, and its vitality exhausted. · Then it became valueless. No larceny could be committed of it; and, if put again put into circulation, it created no liability upon the part of the town, in the hands of any one. Dillon on Mun. Corps., § 409 ; *Canal Bank* v. *Supervisors*, 5 Denio, 517; *Lowell Savings Bank* v. *Winchester*, 8 Allen, 109.

If through mistake of fact the town has again paid it, their money can be recovered of the person to whom they paid it. If voluntarily paid, that does not authorize an action of fraud against this defendant, any more than it would in favor of one whose name is forged against the forger, since a paid note is as utterly void as a forged one. The only remedy is by indictment. This is always the remedy for the neglects or misdoings of an officer, and not by suit brought against him by the town. Dillon on

Otisfield *v.* Mayberry.

Mun. Corps., 209; *White* v. *Philliptson*, 10 Metc., 108; *First Parish* v. *Fiske*, 8 Cush., 264; *Trafton* v. *Alfred*, 15 Maine, 258.

APPLETON, C. J. Assuming that the defendant, one of the selectmen of the plaintiff town received on a settlement with its treasurer, or in any other way a promissory note payable to bearer issued by said town, for cancellation, the same having been paid, and instead of cancelling, should transfer it to a *bona fide* holder, by whom the same was, presented to the treasurer for the time being, and paid by him, in ignorance of the facts, is he liable in trover to the town for such conversion of its paid promissory note?

The maker of a note has a right to its possession upon payment. In his hand it is evidence of such payment. In the hands of a stranger it is *prima facie* evidence of indebtedness. If a suit is brought it imposes upon the maker the necessity of a defence—the procurement of testimony—the employment of counsel, and the delay, expense and vexation of litigation. The possession of it by the maker is of importance to him. The conversion of it by another may become a source of indefinite injury. Accordingly, it has been held in this State in *Neal* v. *Hanson*, 60 Maine, 84; in Vermont in *Buck* v. *Kent*, 3 Vermont, 99; *Pierce* v. *Gilson*, 9 Vermont, 216; and in *Spencer* v. *Dearth*, 43 Vermont, 98; and in New Hampshire in *Stone* v. *Clough*, 41 N. H., 290, that trover may be maintained by the maker against the payee for the conversion or wrongful withholding of his paid promissory note.

The note in controversy has been paid a second time. It belonged to the plaintiff upon payment. The defendant's fraudulent conduct has caused such second payment. It is not for him to take advantage of his own wrongdoing. Nor can he allege negligence on the part of the officers of the plaintiff town. In the changes incident to municipal governments new officers are chosen, who are necessarily, to a certain extent, ignorant of the doings of their predecessors. Mercantile accuracy cannot be ex-

pected in their book-keeping. If the defendant, a selectman, having a paid note of his town should represent it as unpaid to a treasurer, ignorant of its payment, and credit being given to his false representations, should receive its amount, he would unquestionably be liable to the town, in assumpsit for the money thus by him received. He is none the less liable because, representing it as due by the very act of its transfer for value, he has transferred to a holder to whom upon the faith of the paper as it appeared and of its want of cancellation it has been paid by the treasurer of the town in ignorance of the facts.

The withholding the note on demand or its fraudulent transfer for value as evidence of the existing indebtedness of the town would constitute an act of conversion for which the defendant would be liable. The damages to which the plaintiff would be entitled would depend upon the injuries sustained. In *Stone* v. *Clough*, the defendant surrendering the note, the plaintiff was content with nominal damages and costs. In the present case, upon the facts assumed, the damages must be deemed commensurate with the note and interest. The defendant by disposing of the note and receiving its value, converted it to his own use. He has had the full benefit of it, and it is not for him to say the town might have defended against it.          *Exceptions sustained.*

WALTON, DICKERSON, BARROWS, VIRGIN and PETERS, JJ., concurred.