THE WESTERN RAILROAD COMPANY, Respondent, *v.* LAWRENCE P. BAYNE et al., Appellants.

The Code does not require a complaint, in an action for the claim and delivery of personal property, to be in any specific form; the only requirement in reference thereto is the general one, that it shall contain a plain and concise statement of the cause of action. (Old Code, § 142; New Code, § 481.)

Where a principal has executed and deposited with his agent negotiable obligations, to be issued by the latter in certain contingencies which do not occur, and the agent refuses to return them on demand, an action in equity may be maintained by the principal against the agent to compel a surrender of the obligations, and for damages arising from the detention, or, in case a surrender cannot be made, for the value of the instrument as valid obligations.

Where a complaint contains the requisite allegations for such an action, that it avers some facts which the Code (section 207) requires shall be shown by affidavit, where a delivery is claimed, or that the alternative relief is asked, does not make the action one in replevin.

*Wheeler* v. *Allen* (51 N. Y., 37), distinguished.

In determining, in such an action, the value of the obligations for the purpose of the alternative judgment in case the defendant does not surrender them, where they have not matured, it is to be assumed that they are in the hands of a *bona fide* holder for value, and the *prima facie* value is the amount unpaid upon the instruments, principal and interest. This may be met by proof of inability of the maker to pay them, in whole or in part, but not by proof of the market value, as the maker is liable to meet his obligation in full, and this is its value, unless it is shown that it cannot be enforced against him for that amount.

(Argued May 21, 1878; decided November 12, 1878.)

SICKELS.—VOL. XXX.        1

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee. (Reported below, 11 Hun, 166.)

The facts appear sufficiently in the opinion.

*Roger A. Pryor* and *A. S. Sullivan*, for appellants. An action at law by the sole obligor upon a bond for the recovery of its possession cannot be maintained. (*Todd* v. *Crookshanks*, 3 J. R., 432; Williams on Personal Property, *370; *Wright* v. *Wright*, 54 New York, 442; *Wood* v. *Orser*, 25 id., 348; *Barnett* v. *Selling*, 3 Abb. [N. C.], 91; *Powell* v. *Waters*, 8 Cow., 670, 697; *Gale* v. *Miller*, 54 N. Y., 538; *Harris* v. *Clark*, 3 id., 112; *People* v. *Loomis*, 4 Den., 380; *Wolfe* v. *Brower*, 5 Robt., 602–603; *Shafer* v. *Reilly*, 50 N. Y., 61; *Decker* v. *Matthews*, 12 id., 319; *Murray* v. *Burling*, 10 J. R., 172; *Develin* v *Coleman*, 50 N. Y., 537; *Bonnell* v. *Griswold*, 68 id., 298; *Dillon* v. *Barnard*, 21 Wal., 430; *People* v. *Comrs.*, 54 N. Y., 276; *Un. Bk.* v. *Bush*, 36 id., 637; *Bryan* v. *Baldwin*, 52 id., 234; *Stillwell* v. *Carpenter*, 2 Abb. [N. C.], 242; *Connoss* v. *Meir*, 2 E. D. S., 314; *McKenzie* v. *Farrell*, 4 Bosw., 193; *Woodruff* v. *Cook*, 25 Barb., 505; *Hackett* v. *Richards*, 3 E. D. S., 13; *Root* v. *Woodruff*, 6 Hill, 418, 424; *Gregory* v. *Wright*, 11 Abb., 417.) The bonds being payable to bearer the legal title to them was in appellants, the holders. (*Wheeler* v. *Allen*, 51 N. Y., 37, 42; *Webb* v. *R. R. Co.*, 49 id., 426; *Wade* v. *Kalbfleisch*, 58 id., 287; *Potter* v. *Mer. Bk.*, 28 id., 642; *Booth* v. *Powers*, 56 id., 22; *People* v. *Ferry Co.*, 68 id., 71.)

*Moody B. Smith*, for respondent. Defendants having failed to establish their counter-claim plaintiff was entitled to recover possession of the bonds. (*Grant* v. *Morse*, 22 N. Y., 323; *Tomlinson* v. *Mayor, etc.*, 44 id., 601.)

FOLGER, J. This is a suit brought by the plaintiff to

compel the surrender to it of certain written instruments made by it, in the form of bonds, for the payment of money, with damages for the detention of them ; or if a surrender cannot be made, for the recovery of the value thereof ; or for further or other relief.

Two points are made in this court which were not raised below, or not pressed there upon the attention of the court.

The first is somewhat technical, and is based upon the form and allegations of the complaint, the form of the judgment, and the peculiar nature and state of the instruments in writing, the recovery of which is the object of the action.

The nature and state of the instruments are these. The instruments are bonds, made in the name of the plaintiff as the obligor, signed by the officers of it, and having an impression of the corporate seal of the plaintiff affixed to them. They are made payable to bearer. They were deposited in the hands of the defendants, as agents for the plaintiff, to be issued by them under certain anticipated circumstances, that is, to be issued to contractors for the construction of plaintiff's road, on performance of and as required by the terms of their contract, which, it is claimed by the plaintiff, the contractors have utterly failed to carry out and perform. It is manifest that until duly issued, they are not of value as obligations against the plaintiff; and that their value, as instruments unexecuted by delivery, is scarcely appreciable. The defendants insist that, by the form and allegations of the complaint, this action is one under the Code of Procedure, for the claim and delivery of personal property; and it is argued that such an action is not maintainable for such things as these instruments are while unexecuted by delivery, inasmuch as they have no value ; while it is conceded that a suit in equity may be maintained for the cancellation of the instruments, upon a proper state of facts being shown. The stress of the point made by the defendants is whether this is an action for the claim and delivery of personal property under the Code. There is no requirement of the Code that the complaint in such an action shall be in a

specific form. It does require (Old Code, § 207) that where a delivery is claimed, an affidavit must be made showing certain facts. But there is no requirement for the contents or form of. the complaint, other than the general one, that it shall contain a plain and concise statement of the facts constituting the cause of action. (§ 142, subd. 2.) On looking at the complaint in this case, we do perceive that it avers some of the facts which the Code requires shall be shown by an affidavit, where a delivery is claimed. But we find no other intimation in the record before us that this action is brought under the Code; or that it is not a suit in equity for the surrender of inchoate obligations, and for the damages arising from the detention of them ; or in the alternative, in case a surrender cannot be made, for the value of the instruments, as obligations valid and enforceable against the plaintiff.

This being so, we see no reason why, so far as this point of the defendants is concerned, this suit is not maintainable. The plaintiff is the owner of the instruments until they are duly issued to lawful owners and holders ; the defendants hold them for the plaintiff, and are bound to return them on demand, but have refused to do so ; it is for the interest and safety of the plaintiff to have them restored to it out of the hands of agents who resist a lawful claim for them ; or if a refusal to restore is still persisted in, that the plaintiff have from such agents the value of them. The complaint is sufficient in its statement of facts to justify a prayer for a judgment to that end ; and the judgment rendered by the referee was fitted to the averments of the complaint, and to his findings of facts and conclusions of law. *Wheeler* v. *Allen* (51 N. Y., 37), is not in point here ; that was conceded to be an action in the nature of replevin ; and the plaintiff failed to show ownership in himself, or indeed to identify any property as the subject of the action. The opinion of EARL, C., in that case states that the remedy of the plaintiff there to procure the scrip was a suit in equity.

It is further contended that the judgment proceeds upon

an erroneous estimate of the value of the bonds, in that the defendants are made liable for the *par* value, whereas the testimony is that the market value is less.

It is to be borne in mind that the judgment for the value of the bonds is in the alternative, in case the defendants do not surrender the bonds to the plaintiff. Of course, if they are surrendered in obedience to the principal judgment, no question of value can come in. If they are not surrendered, it will be because, by the unauthorized action of the defendants, they have been set afloat, and are not in the control or reach of the defendants. As they are negotiable instruments, and the day of the maturity of them is far future, in the absence of proof, we are to assume that they are in the hands of *bona fide* holders for value. In such case, it matters not what was the price paid, the holder can enforce to the whole amount expressed by them, both of principal and interest, and remaining unpaid. This is the *prima facie* value. That may be met by proof of inability of the maker to pay in whole or in part. (*Booth* v. *Powers*, 56 N. Y., 22.) But there was not proof of that in this case. The proof of the market value at which they sold or would sell, as a commodity, is not proof of real enforceable value, as between the maker and one who withholds them from the maker. The maker is liable to meet his obligation to the full of its terms. Hence, when he is concerned, that is the value of the obligation; unless it is shown that it cannot be enforced from him to that amount.

The other of the points first raised in this court is this. It is shown by the evidence that the contractors with the plaintiff, for the building of their railroad track, performed work to the amount of probably $3,500. It is claimed that the defendants should be allowed this amount, as a set-off or counter-claim against the plaintiff's demand. We do not think that it should be so allowed. In the first place, it does not appear from the record that such a claim was specifically and distinctly made at the trial. The testimony comes out from a witness, called in behalf of the plaintiff, on his exami-

nation in chief; evidently not for the purpose of establishing the amount spoken of as an item of a counter-claim. It does not appear that the contractors were not paid for the work done. It does not appear that the defendants ever became specifically interested in that amount or in that work, or made any advance or incurred any liability, upon the basis of it. Nor does it appear that, though the contractors did work to that amount, the plaintiff ever became liable to pay them therefor. Whatever work was done, was under an express contract, of large scope. The contractors could not exact payment of the plaintiff for a comparatively insignificant part of the work contracted for, leaving the far larger part of it undone; thus making a complete breach of their contract and losing all rights under it. And such was evidently the aim and purport of the testimony, to show that the contractors had utterly failed to carry out and perform their contract, and had thereby discharged the plaintiff from all liability to them. The obligation of the plaintiff to pay was on the condition of the fulfilment of the contract; and though monthly estimates were provided for, and a payment of ninety per cent thereof, there were stipulations connected therewith, which are not shown to have been complied with.

Upon the other questions arising in the case, all that we have to say is, that we find no error in the action of the courts below. The opinion delivered at the General Term meets and disposes of them in a satisfactory manner.

It is proper to add, that the delay in the rendition of our judgment has not arisen from any difference of opinion, or from any doubt or hesitation, but from fortuitous occurrences.

The judgment appealed from should be affirmed.

All concur.

Judgment affirmed.