ABBIE BADGER *vs.* MARK P. HATCH.

Kennebec.    Opinion December 30, 1880.

*Trover.    Conversion.    Bailment.    Divorce—agreement to procure.    Promissory note—title by delivery.*

In an action of trover for the value of a promissory note which the defendant had in his possession as the bailee of the plaintiff with power under certain restrictions, and upon certain conditions, to deliver to the plaintiff's husband, in pursuance of an agreement, by which the plaintiff was to pay $200, without interest, to her husband in full satisfaction for all claims for labor or otherwise, provided her husband procured a divorce from her within a year from the date of the agreement — the husband having failed to procure a divorce, the plaintiff having procured one from him, and thereafterwards the defendant, without the consent of the plaintiff having transferred the note to a bank which collected it of the maker, and this suit having been brought without demand and within a year from the date of the agreement between the plaintiff and her husband ; *Held,*

1. That the defendant had disposed of the note in a manner not authorized by the terms of the agreement under which he received it; and that such disposition amounted to a conversion which at once terminated the bailment and the defendant's right of possession, and that trover may be maintained for the value of the note before the expiration of the original term of bailment and without demand.

2. That there is nothing on the face of the contract of bailment to show that the note was bailed for any but a legal purpose.

3. That the indorsement of the note by the plaintiff and delivery to the defendant for the purposes indicated did not pass the title to the defendant.

4. That the fact that the plaintiff herself procured a divorce did not enlarge the defendant's power, nor would the further fact that the plaintiff owed the defendant one dollar for services justify the mis-appropriation of the note or defeat or suspend the plaintiff's right of action therefor.

ON REPORT from the superior court, Kennebec county.

Trover for the value of the following promissory note indorsed by the plaintiff and delivered by her to the defendant for the purposes stated in the opinion.

"$200.                              Clinton, March 8, 1879.

For value received I promise to pay Abbie Badger, or order, two hundred dollars, in the month of October, A. D. 1879, with interest at seven per cent. till paid.

(Signed,)    GEORGE H. KINGSLEY."

The date of the writ was November 3, 1879.

At the trial, after the testimony for the plaintiff was in, the the case was withdrawn from the jury and reported, with the agreement, that if "the law court should hold the action not maintainable on said evidence the plaintiff is to become nonsuit, but if otherwise the case to stand for trial."

*S. S. Brown,* for the plaintiff, cited: *Alsago* v. *Chase,* 10 M. & W. 583; *Palmer* v. *Jermaine,* 2 M. & W. 282; *Fiefield* v. *M. C. R. R. Co.* 62 Maine, 77; 1 Hilliard, Torts 26 and cases cited; *Crocker* v. *Gullifer,* 44 Maine, 491; *Hill* v. *Freeman,* 3 Cush. 257; 12 Maine, 382.

*E. Hammons,* for the defendant. The action was brought prematurely, being within one year from the date of the agreement between the plaintiff and her husband. The plaintiff's indorsement of the note passed the title absolutely to the defendant. There was no conversion by the defendant. The defendant having come rightfully into the possession of the note a demand was necessary to maintain trover. The plaintiff relieved Charles E. Badger from his obligation by procuring a divorce herself. The agreement between the plaintiff and her husband was void and the note without consideration. *Morrill* v. *Goodenow,* 65 Maine, 178.

The defendant had a lien on the note for one dollar due him for professional services. 4 Bur. 2221. See also 2 Espinasses, c. 456; *Ames* v. *Palmer,* 42 Maine, 197; *Clapp* v. *Glidden,* 39 Maine, 448; *Fuller* v. *Tabor,* 39 Maine, 519.

BARROWS, J. The testimony introduced on the part of the plaintiff tends to show that she was the owner of the two hundred dollar note, for the value of which she here sues in trover, having given to the maker in exchange for it her own note of the same date and for the same amount secured by mortgage; and that, after indorsing it, she placed it, on the day of its date, in the hands of the defendant [who was counsel for her husband in a contemplated suit for divorce against herself], in pursuance of a written agreement drawn by the defendant and subscribed by the plaintiff and her husband March 8, 1879, setting forth that in case the husband obtained a divorce from her within a year from

that time she was to pay him "$200 without interest, in full satisfaction for all claims for labor or otherwise that he may have against her; . . . and a note for said amount given by George H. Kingsley to said Abbie [plaintiff], and by her indorsed is hereby deposited with M. P. Hatch [defendant], to be by him delivered to [the husband] when such divorce is decreed, less accrued interest or that amount in cash." Then follow other stipulations as to certain articles of personal property which the husband was to have, and as to the custody and support of their child. It further appears from the testimony of the plaintiff and Kingsley that the defendant was cognizant of an agreement between them made at the time of the exchange of notes in his presence, that if the husband failed to procure a divorce her note was to be paid by delivering up Kingsley's to him.

The husband did not get the divorce here spoken of; but the plaintiff procured a divorce from him on her own libel in the following September.

Notwithstanding this it would seem that the defendant transferred the note to one of the banks in Waterville, whose cashier called on Kingsley to pay it, which he did, and thereupon, November 3, 1879, this suit was brought by the plaintiff, charging in the usual form that the defendant had converted the note to his own use.

The points made by the defendant will not bear examination.

Unlike the note which was the subject of controversy in *Morrill* v. *Goodenow*, 65 Maine, 178, cited by defendant, Kingsley's note to the plaintiff was for a valid consideration. The case cited has no bearing whatever upon the one before us.

Nor is there any evidence to show that Kingsley knew or supposed that the note he gave was to be appropriated in any event for any improper purpose.

Counsel on both sides seem disposed to assume that the object of the agreement in pursuance of which the note was deposited with the defendant, was to promote the procurement of a divorce of the husband from the wife by collusion, apparently forgetting that even if this were the fact and the condition of the agreement had been performed, neither the husband nor the wife nor any

one in privity with them would be permitted thus to impeach or attack the judgment in the divorce suit collaterally in any subsequent litigation between them. *Davis* v. *Davis*, 61 Maine, 395.

But there is nothing in the agreement itself, or in the testimony, which would warrant a finding that its object was the fraudulent procurement of a divorce by collusion. The presumption is that it was honest and lawful, and apparently it relates only to topics about which it was competent for parties, situated as that husband and wife were, to contract, subject to the revision and approval of the court. *Burnett* v. *Paine*, 62 Maine, 122 ; *Blake* v. *Blake*, 64 Maine, 177. Defendant was plaintiff's bailee with power to dispose of the note [so far as appears,] only in a particular manner and upon a certain condition ; but the fair inference from the testimony is that he did dispose of it when the condition had not been performed, and in a manner not authorized by the agreement upon which he received it. Was this a conversion? It was not necessary to show that the defendant had appropriated the money for the note to his own personal benefit and advantage.

Conversion is well defined as consisting " in the exercise of dominion and control over property inconsistent with and in defiance of the rights of the true owner or party having the right of possession." *Fuller* v. *Tabor*, 39 Maine, 519.

The defendant had no right to do anything with the note except in conformity with the terms of the agreement, or by the consent of the owner. "If the bailee uses the property bailed for purposes variant from those for which by the contract of bailment they were to be used, this constitutes a conversion, and trover is maintainable therefor." *Crocker* v. *Gullifer*, 44 Maine, 491. And such tortious use puts an end to the bailment and the bailee's right of possession, and the general owner may maintain trover forthwith without a demand. *Grant* v. *King*, 14 Vt. 367 ; *Melody* v. *Chandler*, 12 Maine, 282 ; *Hill* v. *Freeman*, 3 Cush.. 257.

The indorsement of the note by the plaintiff would not pass the title unless followed by a delivery with that intent.. But

here the delivery was for a specific purpose, and the power of the defendant to deliver to the husband was coupled with conditions that have not been performed. The defendant was not bailee with power to collect the note and dispose of its proceeds, but only to deliver it to the husband when the conditions had been performed. Nor did the fact that the plaintiff procured a divorce from her husband of itself enlarge the defendant's power over the note.

Nor can the further fact that the plaintiff had employed the defendant as a scrivener to write a mortgage, and owed him a dollar therefor, justify the conversion of a note which he held under a special bailment for defined purposes with limited powers, nor defeat nor suspend her right of action therefor. According to the stipulations of the parties in the report,

*Case to stand for trial.*

APPLETON, C. J., WALTON, DANFORTH, PETERS and SYMONDS, JJ., concurred.