(19 Misc. Rep. 128.)

BOYER et al. v. FENN.

(Supreme Court, Appellate Term, First Department. January 27, 1897.)

1. ARREST IN CIVIL CASES—PROOF OF FRAUD.

An order of arrest on the ground of fraud is justified where defendant induced plaintiff to give a note by falsely representing that he owned a valuable lease of certain premises; that he was about to organize a corporation to engage in business on said premises; that the capital stock of the corporation would be ready for delivery at a certain time, and the note was given to be used in the purchase of such stock.

2. NOTES—CONSIDERATION—ISSUE OF STOCK.

A note is not given as a subscription to capital stock, where the payee requested the makers to take shares of stock in a proposed corporation, where-

upon they gave the note, taking a receipt therefor, which stipulated that the note should not be negotiated until the stock was actually delivered.

3. SAME—ACTION ON—ILLEGALITY.

Defendant in an action for converting a note made to him by plaintiffs cannot defeat a recovery on the ground that the note was given pursuant to an illegal contract, unless such defense is alleged in the answer.

4. SAME—CONVERSION.

It is a conversion of a note to negotiate it before the happening of the event on which the use of the note by the payee was made contingent. 43 N. Y. Supp. 506, affirmed.

Appeal from city court of New York, general term.

Action by Charles H. Boyer and others against William B. Fenn. From an order of the city court (43 N. Y. Supp. 506), affirming an order made at special term denying a motion to vacate an order of arrest, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

A. C. Shenstone, for appellant.

J. Hampden Dougherty, for respondents.

McADAM, J. The defendant was arrested upon the ground of deceit and conversion under the following circumstances, detailed in the record: About December 16, 1895, the defendant represented to the plaintiffs that he owned a lease of premises Nos. 104 and 106 West Thirty-Fourth street; that the lease had yet five years and a half to run; that the annual rental was about $4,200 a year, and that the lease was worth fully $10,000 in excess of the rent; that he was about to organize a corporation to carry on the business of a restaurant at said premises; that the capital stock would be ready for delivery in the early part of February, 1896; and he requested the plaintiffs to take $500, par value, of such stock. • The complaint alleges that each and all of these representations were false, and were known by the defendant to be false at the time he made them; that they were made with intent to deceive the plaintiffs and induce them to give their note; that, in reliance on the truth of such representations, they did agree to take $500 of the capital stock of such a corporation, and then and there issued to the defendant their promissory note for $500, dated December 16, 1895, payable six months thereafter, the defendant giving a receipt therefor wherein it was stipulated that the note should not be negotiated by him until the stock was actually delivered to the plaintiffs. It is further alleged that on March 16, 1896, the proposed corporation had not been formed, and nothing whatever had been done towards forming it, notwithstanding which the defendant negotiated the note, and thereby wrongfully converted it to his own use. Frank Boyer, one of the plaintiffs, made an affidavit, which accompanies the complaint, in which he reiterates all the allegations of the pleading, and gives the substance of conversations had with the defendant wherein the latter admitted that nothing had been done towards the organization of the company, and that he had parted with possession of the note. Francis W. Vosburgh, another affiant, states that the defendant made representations to him similar to those made to the

plaintiffs, in an effort to induce him to take an interest in the proposed corporation. Mr. Lawrence, one of the agents of the property in question, states in his affidavit that, although he had had some negotiations with the defendant respecting a lease of the premises, none had been executed, and that said premises could not have been obtained at the rental stated by defendant. The defendant moved to vacate the arrest on the original papers, and thereby admitted for the purposes of the motion that the facts charged against him with the inferences legitimately flowing from them were true; and so taken they fully justify the order appealed from. The representations were positively sworn to, and their falsity is established by the affidavit of Mr. Lawrence and by the admissions of the defendant proven by Frank Boyer. The defendant must be held to have contemplated the natural consequences of his acts, and from these a fraudulent intent may be inferred, because inconsistent with business dealing or innocence.

It is urged that the action is not maintainable because the note was given as a subscription to capital stock, which must be made in cash. Stock Corp. Law 1892, c. 688, § 42. The note was not given on an original subscription to stock, but made payable to the order of the defendant, and delivered on his agreement that it was to be of value only on the delivery of the stock by him to the plaintiffs. Such an agreement did not violate the statute, for inferentially the defendant was in some legal manner to obtain the stock, using the note for reimbursement. The defendant said that upon the formation of the corporation he intended to use the Thirty-Fourth street property as its place of business; his purpose, no doubt, being to take stock in payment of his supposed equity,—a course allowed by the statute. Section 42 of the act. And it was evidently part of this stock which the plaintiffs were to receive as the consideration for their note.

The plaintiffs do not depend upon any illegal contract for a recovery, and if the defendant intended to rely upon the defense of illegality he was bound to interpose an answer pleading it (Milbank v. Jones, 127 N. Y. 370, 28 N. E. 31; Id., 141 N. Y. 347, 36 N. E. 388), and upon the trial that question could be satisfactorily determined. It cannot be on the present motion, which is tantamount to a demurrer.

Apart from the question of deceit is the one of conversion. The promissory note given by the plaintiffs had six months to run, and was presumably worth its face value. Potter v. Bank, 28 N. Y. 641; Griggs v. Day, 136 N. Y. 152, 32 N. E. 612; Atkinson v. Printing Co., 43 Hun, 173; 3 Phil. Ev. (Cow., H. & E. notes, 6th Am. Ed.) marg. p. 543; 3 Pars. Cont. (7th Ed.) bottom p. 210; Decker v. Mathews, 12 N. Y. 324; Walrod v. Ball, 9 Barb. 271. The defendant stipulated not to use the note until he first delivered the stock to the plaintiffs. Negotiating the note so that the plaintiffs must pay it to the holder when due constitutes conversion, and furnishes the plaintiffs with an arrestable cause of action. Code, § 549. Any distinct act of dominion wrongfully exerted over one's property in denial of his right, or inconsistent

with it, is a conversion. Cooley, Torts (2d Ed.) 524. Thus, it is a conversion to apply to another use notes executed for a specific purpose. Hynes v. Patterson, 95 N. Y. 1; Petrie v. Williams, 68 Hun, 589, 595, 23 N. Y. Supp. 237; Laverty v. Snethan, 68 N. Y. 522; Badger v. Hatch, 71 Me. 562; Loomis v. Mowry, 8 Hun, 311; Railroad Co. v. Bayne, 75 N. Y. 1. Even the maker of a note who has paid it may maintain trover against the payee, who, instead of surrendering it, wrongfully disposes of it, whereby the maker is compelled to make payment a second time. Buck v Kent, 3 Vt. 99; Pierce v. Gilson, 9 Vt. 216; Murray v. Burling, 10 Johns. 172; Otisfield v. Mayberry, 63 Me. 197. The case made out by the plaintiffs called for some substantial explanation from the defendant, and, if he had any to offer, he should have moved upon affidavits, instead of conceding, as he did, for present purposes, the truth of the allegations made by the plaintiffs.

The order must be affirmed, with costs. All concur.