MICHAEL HYNES, Respondent, v. THOMAS E. PATTERSON et al.,
Executors, etc., Appellants.

Where a promissory note, intrusted by the maker to another to be used for
a special purpose, is diverted by the latter, an action lies against him for
the conversion thereof.

Plaintiff executed and loaned to E., defendants' testator, certain notes
under an agreement that they were to be discounted, ten per cent of the
proceeds to be paid to plaintiff for the loan thereof, and the balance to
be used for a purpose specified. At the time of the delivery E. paid to
plaintiff the ten per cent so agreed upon, and used the notes for another
and an entirely different purpose from that specified. Plaintiff, having
been sued upon the notes, transferred his real estate to his wife. Judg-
ment was obtained against him and an action brought thereon to set
aside the transfer. Plaintiff thereupon settled the judgment by convey-
ance from his wife of a portion of the real estate, the value of which
was less than half the amount of the judgment. *Held*, that plaintiff
was entitled to recover as damages the value of the real estate so con-
veyed; that the transfer to his wife was in effect subject to the payment
of his indebtedness, and to the extent of the value of the real estate ap-
propriated to the payment of the judgment he was damaged.

Also *held*, that as the compromise benefited E. plaintiff was entitled to be
allowed as damages counsel fees paid by him in effecting the same.

Counsel fees were not claimed as damages in the complaint; no objection
was made, however, to the proof thereof; after verdict a motion was
made to deduct therefrom the amount of the counsel fees. *Held*, that

the motion was properly denied, as, if the objection to the allowance had been raised upon the trial, the complaint might have been amended so as to obviate it.

Also *held*, that plaintiff was not required to return or tender the ten per cent received before bringing suit.

(Argued January 17, 1884; decided February 5, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made January 7, 1883, which affirmed a judgment in favor of plaintiff, entered upon a verdict.    (Reported below, 28 Hun, 528.)

The nature of the action and the facts, so far as material, are stated in the opinion.

*John L. Logan* for appellants.    The plaintiff, having received and retained a part of the proceeds of the alleged conversion, cannot maintain this action until he returns, or offers to return, the sum so received.  (Add. on Torts [Banks & Bros.' ed.], 44; *Elwell* v. *Chamberlin*, 31 N. Y. 611, 619; *Cobb* v. *Hatfield*, 46 id. 533; *Voorhees* v. *Earl et al.*, 2 Hill, 288; *Schiffer* v. *Dietz*, 83 N. Y. 300; *Moseley* v. *Wilkinson*, 24 Ala. 411.) This action having been brought for conversion, being so described in the complaint, and so treated by the court, it must be so treated throughout, and cannot be changed to one for damages for violation of contract.  (*Ross* v. *Mather*, 51 N. Y. 108; *Dudley* v. *Scranton*, 57 id. 424.)  This being an action of tort, damage must concur to sustain it; wrong without loss is not sufficient.  (2 Add. on Torts [Banks & Bros.' ed.], 1004; *Hubbard* v. *Briggs*, 31 N. Y. 518; *Chester* v. *Comstock*, 40 id. 574, note; *Comstock* v. *Hier*, 73 id. 269.) The rule at law is that actual compensation will only be given for actual loss.  (Sedgwick on Meas. of Dam. 432, 437, 438.) If this is not an action for conversion, the contract must furnish the measure of damages.  (Sedgwick on Meas. of Dam. 432, 437, 438.)  The plaintiff is not entitled to the costs of this action.  (*Field* v. *Field*, 77 N. Y. 294; Code of Civ. Pro., § 1836.)

*B. F. Blair* for respondent. Conversion and resulting damage constitute a perfect cause of action, no matter what was the purpose. (6 Wait's Act. and Def. 165–7; *Jordan* v. *Shireman*, 28 Ind. 136; *Boyce* v. *Brockway*, 31 N. Y. 490; *Loverty* v. *Snethen*, 68 id. 522.) The notes having been placed in Ely's hands, to be used for a specific purpose, and he having used them for a different purpose, there was a conversion. (*Murray* v. *Burling*, 10 Johns. 172; 2 Esp. N. P. 190–191; *Decker* v. *Mathews*, 12 N. Y. 313–319; *Comstock* v. *Hier*, 73 id. 278; *Thayer* v. *Manly*, id. 305.) The provisions of sections 1835 and 1836 of the Code of Civil Procedure, forbidding the recovery of costs against executors or administrators, except in certain cases therein specified, have no reference to costs on appeal. (*Hunt* v. *Conner*, 17 Abb. 466.)

MILLER, J. This action was brought for the conversion of certain notes, executed by the plaintiff, which were diverted from their original purpose and transferred to third parties, who prosecuted and compelled the plaintiff to pay the same. The notes were delivered to the defendants' testator by plaintiff, under an agreement that they were to be discounted for the benefit of the former, and from the proceeds thereof ten per cent was to be paid to the plaintiff for the loan thereof, and the balance to be appropriated to the liquidation of the indebtedness on certain real estate, which was to be conveyed to the defendants' testator and bonded, and two-fifths of the bonds were to be held by said defendants' testator in trust as security for the payment of the notes. If the notes were not paid, the bonds were to be given to the plaintiff. The ten per cent was paid to the plaintiff, and the notes were transferred and disposed of for the purchase of certain personal property, and never appropriated for the liquidation of the indebtedness upon the real estate, nor were any bonds issued as required by the agreement.

The first question which arises in this case is whether an action can be maintained for the conversion of the notes. It is

insisted, that in order to maintain such an action, the plaintiff should be entitled to the possession of the property claimed, or its proceeds. The proof shows that the notes were made for a specific purpose, and that they were received by the defendants' testator with full knowledge of that fact, and as the custodian thereof under the agreement already stated. He having allowed them to be diverted from the purpose intended, became liable in damages for the conversion of the same. The principle is well settled that when a bill or note has been diverted from the object for which it was intended, an action will lie against the person who unlawfully diverts the same, for the conversion thereof, or for money had and received by him. The right of the defendants' testator to the notes being for a particular object, the disposition made of the same was without authority, and not for the purpose for which they were created. (*Decker* v. *Mathews*, 12 N. Y. 313 ; *Murray* v. *Burling*, 10 Johns. 172 ; *Comstock* v. *Hier*, 73 N. Y. 269; 29 Am. Rep. 142.) The authorities cited are conclusive and there is no ground for claiming that the plaintiff had not such a right to the possession of the notes as entitled him to maintain this action.

The claim made that the plaintiff cannot maintain this action without first returning or offering to return the ten per cent he received, that being a part of the proceeds of the alleged conversion, is not well taken. This sum was a commission which was paid to the plaintiff for the loan of his notes, as appears from the receipt given by the plaintiff. That they were not used as they were clearly intended to be, and as was provided for, furnishes no reason why this money should be returned before suit brought for the recovery of the notes. It is sufficient that the defendants' testator had the right to use the same for the purpose named, and it was no fault of the plaintiff that this was not done. They were used for another and a different purpose, and the plaintiff was obliged to pay them, and had a right to bring this action for their recovery. The agreement made was fulfilled entirely by the plaintiff, and the diversion of the notes from their original object was a violation

of the contract against the plaintiff's consent, which imposed no obligation upon him to return or offer to return the money received by him. The ten per cent received by the plaintiff for the loan of the notes cannot, in any sense, be regarded as a part of the proceeds arising from the conversion of the same. The money was paid upon the execution and delivery of the notes in advance of their being discounted, and was not a part of the proceeds realized from the conversion thereof.

In regard to the damages, we think they were sufficiently established. The evidence upon the trial showed that the plaintiff transferred his real estate to his wife, and that a portion of the same was appropriated to the payment of the judgment obtained against him upon the promissory notes in question. He was thus deprived of property, which he owned, by reason of the judgment obtained against him, and the value of that property would seem to be a just and fair estimate of the amount of damages he had actually sustained. The fact that the judgment obtained against the plaintiff was satisfied out of the real estate which he had previously transferred to his wife does not show that he did not suffer damage. The property originally belonged to him, and the transfer to his wife did not exonerate it from the payment of his debts. In law he could not transfer his property or put it beyond his control so as to defeat the payment of a judgment obtained against him on the notes. It could be reached by an equitable proceeding on behalf of the judgment debtor. Such an action had been commenced, and as no defense could be interposed to the same, an arrangement was made by which a portion of the property was conveyed to the judgment debtor and the judgment satisfied. This property was in value less than one-half of the judgment obtained and reduced the liability of the defendants' testator accordingly. The plaintiff was the owner of the property when the transfer was made by him to his wife, and he had a perfect right to make the same subject to its liability for the payment of his debts at that time. That right was equivalent in value to the value of the real estate. By the wrongful act of the defendants' testator in the conversion of the notes such right was destroyed,

and the conveyance to plaintiff's wife was invalid to the extent of the judgment and would have been set aside in a suit brought for that purpose. Having been voluntarily given up for the payment of the judgment the property was in the same position as if a decree had been obtained for that purpose. Having been thus appropriated it may be considered as belonging to the plaintiff at the time of the conversion. He was the owner of and held the title for the purpose named, and the conveyance of the same, for the payment of the judgment obtained against him, was virtually an application of his own real estate and property to the payment of his debts. It being conveyed as his property for the payment of his own debt, he sustained damages to the amount of the value thereof.

The claim of the defendants that the measure of damages was the value of two-fifths of the bonds which were to be issued is without merit and cannot be sustained. The bonds never had any existence and of course could have no value. It would be a matter of mere conjecture to determine what the value of these bonds would have been if they had been issued. Even if such value could have been ascertained it would not have indemnified the plaintiff for the loss which he had sustained and which he was entitled to recover. Aside, however, from this view it should be borne in mind that this action is not for a violation of the contract, but in the nature of an action in tort for the wrongful conversion of the notes. When the notes were misappropriated by the defendants' testator the contract was violated and abandoned, and it cannot be resorted to for the purpose of relieving him from liability for his acts, or to establish the measure of damages.

We think there was no objection to the allowance of the counsel fees paid in procuring a settlement of the judgment obtained against the plaintiff on the notes. The judgment far exceeded in value the property which was appropriated, and by the arrangement made the plaintiff was relieved from paying the full amount of the judgment, and the defendants' testator from refunding the money which otherwise might have been required.

The motion to deduct the amount of counsel fees from the verdict was properly denied upon the ground that the defendants should have taken the point before the case was submitted to the jury. We think it was too late to raise the question afterward. It is true they were not claimed in the complaint, but if the objection had been made upon the trial the complaint could have been amended so as to have obviated the same.

We have examined the several requests made by the counsel for the appellants to charge the jury, and we think that no error was committed in rejecting any of·them.

We find no error upon the trial and are of the opinion that the judgment was right and should be affirmed, with costs.

All concur.

Judgment affirmed, with costs.