·(60 App. Div. 604.)

O'HORO v. KELSEY.

(Supreme Court, Appellate Division, Fourth Department. April 30, 1901.)

1. TRESPASS—COMPLAINT—SUFFICIENCY.

Allegations that plaintiff was in lawful possession of a hotel, and that defendant, for the purpose of ousting him, forcibly trespassed on the premises, and made an assault on the plaintiff, and by false statements induced another to remove the hotel furniture, and when resisted attempted to remove plaintiff and his family by force, and thereafter attempted to obtain the process of a court by which to accomplish the same purpose, knowing that he was not legally entitled thereto, stated facts sufficient to constitute a cause of action.

2. SAME—IMPROPER JOINDER—DEMURRER.

A complaint which alleged that plaintiff was in legal possession of a hotel under a contract of purchase, and that he assigned his contract to defendant under an agreement that defendant should pay a balance due thereon, and then resell the property to plaintiff on more favorable terms, and that defendant, after obtaining title, refused to execute the agreement, and by false statements secured a mortgagee to foreclose a mortgage on plaintiff's furniture, and that defendant in removing the furniture committed an assault on plaintiff, and unlawfully attempted to remove the furniture without process, and thereafter, for the purpose of intimidating plaintiff, commenced proceedings before a justice of the peace to oust plaintiff, which were abandoned as soon as plaintiff answered, was not demurrable for improper joinder of causes of action.

3. SAME—GOOD FAITH—LIABILITY.

Where defendant committed a trespass on plaintiff's property, and attempted to remove his furniture without legal process, and assaulted plaintiff, and fraudulently induced a mortgagee to foreclose on plaintiff's furniture, a charge, in an action for the damages sustained by plaintiff, that if the jury should find the defendant acted in good faith, and as a reasonably cautious man, they should find for defendant, was erroneous, since defendant was liable for the actual damages occasioned by his unlawful acts, whether he acted in good faith or not.

4. SAME—CHATTEL MORTGAGE—PROPERTY—REMOVAL—INSTRUCTION.

Where plaintiff alleged that defendant fraudulently induced a mortgagee to foreclose on plaintiff's furniture, in order to obtain possession of the hotel conducted by plaintiff, and defendant admitted that he took some property under a mortgage which was not covered thereby, it was error to charge that, under certain circumstances, the jury might find for defendant, since, in any view of the case, plaintiff was entitled to nominal damages.

5. SAME—EVIDENCE—EXCLUSION—ERROR.

Where plaintiff alleged that defendant fraudulently induced a mortgagee to foreclose on plaintiff's property for the purpose of obtaining possession of a hotel occupied by plaintiff, and that there was no reason for the mortgagee to consider the security insufficient, and that the taking of the property was in fact defendant's act, it was error to exclude evidence of the value of the mortgaged property.

6. SAME—OUSTER—ACTION—ATTORNEY'S FEES. .

Where plaintiff alleged that defendant, knowing he had no right to a hotel occupied by plaintiff, unlawfully began a suit before a justice of the peace to oust plaintiff, and abandoned the proceedings as soon as plaintiff appeared and answered, and that plaintiff spent considerable money in preparing his defense, it was error to exclude evidence, in an action by plaintiff for damages, of the value of the services of plaintiff's attorney.

7. SAME—FURNITURE—UNLAWFUL REMOVAL—DAMAGES—PROOF.

Where plaintiff alleged that his furniture was unlawfully removed by defendant from a hotel occupied by plaintiff, it was error to exclude evidence that plaintiff did not run his hotel the following summer, since if the plaintiff had not sufficient time, by reasonable diligence, to replace the furniture in time to run the hotel, he was entitled to damages therefor.

Appeal from trial term, Jefferson county.

Action by James O'Horo against James E. Kelsey. From a judgment in favor of defendant, and from an order denying a new trial, plaintiff appeals. Reversed.

The action was commenced on the 25th day of June, 1897, to recover damages alleged to have been sustained by the plaintiff on account of the alleged unlawful acts of the defendant in attempting to seize and obtain possession of a certain hotel, and the premises connected therewith, situate in Theresa, Jefferson county, N. Y., which the plaintiff was occupying, and of which the plaintiff claims he was lawfully entitled to the undisturbed and exclusive possession at all the times mentioned in the complaint. The plaintiff in his complaint alleges, in substance, that on the 19th day of January, 1895, he entered into a written contract with one Brown, who was then the owner, for the purchase of the hotel and premises in question, the expressed consideration being $500, and under such contract entered into possession and engaged in conducting a hotel and summer resort thereon; that from time to time he paid upon the contract the sum of $130, and then, learning there were some judgments against his grantor, Brown, which were liens upon the property, he refused to pay more. It is alleged that thereafter, and on March 13, 1897, by an agreement made between Brown, this plaintiff, and the defendant, the defendant agreed to and did advance to Brown the amount remaining unpaid upon the plaintiff's contract, and took a deed of the place in his name, and with the money so advanced Brown agreed to pay and did pay and satisfy the judgments against him; that at the same time, and as a part of such agreement, the plaintiff assigned to the defendant, without any consideration being paid therefor, his contract with Brown for the purchase of the premises in question, upon the express agreement by the defendant that he would duly execute and give back to the plaintiff a new contract for the purchase of the premises, for the consideration of $424, and specifying the time the plaintiff should have in which to pay the same, which should be .more favorable than the terms specified in his original contract; that the defendant.

after he had obtained the title to the premises by the conveyance from Brown, and had procured the assignment to himself of plaintiff's contract, refused to enter into a contract with the plaintiff for a sale of the premises, as he had agreed to do, but immediately entered upon an unlawful attempt to oust the plaintiff from the premises, and to obtain possession of the same for his own use and purposes. It is alleged that the defendant, in pursuance of such unlawful purpose and attempt, on the 15th day of June, 1897, served a notice upon the plaintiff, requiring him to vacate the premises within four days, and thereafter assumed to rent the premises to one Keller; procured a liquor tax certificate to be issued to him, and by force and threats attempted to put said Keller into possession; that for that purpose he sent a constable to the premises, with instructions to take forcible possession of the same if necessary, and to remove the plaintiff and his belongings therefrom; that the constable, without any process and pursuant to such instructions, removed a portion of the hotel furniture, and, when resisted by the plaintiff, assumed to place him and his wife under arrest. It is further alleged that, in pursuance of such unlawful scheme on the part of the defendant, by false statements he procured one Perkins, who held a chattel mortgage given by the plaintiff upon his hotel furniture, to secure the sum of about $100, to take possession of the property covered thereby, there being no reason to suppose himself unsafe, within a month after such chattel mortgage was given, and while the property covered by it remained in precisely the same condition as when it was given; that the defendant assumed to buy such property from Perkins, and forcibly took said furniture and property into his possession, without any sale or advertisement thereof, all, as alleged, for the purpose of driving the plaintiff from the premises. It is further alleged that, while thus unlawfully taking possession of the mortgaged property, he assaulted the plaintiff and his wife, injured and destroyed portions of the furniture, and took articles not covered by the mortgage, and that after obtaining possession of the property he retained the same, and has never accounted to the plaintiff for the same. It is further alleged that the defendant unlawfully procured a precept to be issued in summary proceedings by a justice of the peace, requiring the plaintiff to vacate the premises in question, or to show cause at a time specified why their possession should not be surrendered to the defendant; that the plaintiff appeared upon the return day of such process, with his attorney, and put in an answer; the case was then adjourned, and no further effort was made by the defendant to have a judicial determination therein; that in so attending and appearing in said proceeding the plaintiff incurred expenses, and was compelled to pay a considerable sum of money. The complaint was demurred to upon the ground that two or more causes of action were improperly united, and upon the further ground that a cause of action for tort was united with a cause of action upon contract. The demurrer was overruled by the court at special term, and from the judgment entered thereon an appeal was taken to this court, where the judgment overruling the demurrer was affirmed. 37 App. Div. 630, 56 N. Y. Supp. 1113. The defendant then availed himself of the leave given him, and served an answer in which he denied all the material allegations of the complaint. The issues thus raised were tried before the court and a jury, a verdict of no cause of action was rendered, and from the judgment entered thereon this appeal is taken. The exceptions to the admission and exclusion of evidence, and to the charge of the court, and refusal to charge as requested, taken on behalf of the plaintiff, present the only questions which need be considered upon this appeal.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

John Conboy, for appellant.
Watson M. Rogers, for respondent.

McLENNAN, J. The complaint states a good cause of action. If the plaintiff assigned to the defendant the land contract executed and delivered to him by Brown, and under which he was entitled to

the possession of the premises in question, in consideration of an agreement on the part of the defendant that he would execute and deliver to the plaintiff another contract, which should also entitle him to possession, he was rightfully in occupation of the hotel, and had a right to use and enjoy the same undisturbed, and without interference by the defendant, precisely as if said other contract had been actually executed and delivered; and under such circumstances it would be an invasion of the plaintiff's rights, and wrongful on the part of the defendant, to commit acts which would render plaintiff's possession less valuable or useful, and such as would tend to force him to surrender or abandon the same. For such an invasion of his rights, and for such acts, if wrongful, the plaintiff is entitled to recover the damages sustained thereby.

It was held by this court, upon the appeal from the judgment overruling the demurrer, that the alleged causes of action set forth in the complaint are properly united. 37 App. Div. 630, 56 N. Y. Supp. 1113, supra.

The allegations, briefly stated, are that the plaintiff was lawfully in possession of a hotel; that the defendant, for the purpose of ousting him, forcibly trespassed upon the premises, committing an assault upon the plaintiff; by false statements induced another to remove the hotel furniture; without process attempted to remove the plaintiff and his family from the hotel by force, and, failing in that, attempted to obtain a process of the court by which to accomplish the same purpose, knowing that he was not legally entitled thereto. If those allegations were established by proof, we think the plaintiff would be entitled to recover in this action all the damages sustained in consequence of those several acts, viz.: The damages sustained on account of the trespass committed by the defendant or by his agent, including the damage occasioned thereby to the business of the plaintiff; the damage sustained by the plaintiff on account of being assaulted by the defendant or by his agents, if authorized by him; the damages sustained on account of the removal of the furniture under the chattel mortgage in question, if wrongful, and it was procured to be done by the defendant, and the fair value of such furniture, less what was due and owing upon said chattel mortgage, if it was wrongfully removed, or caused to be taken and removed, by the defendant; the expense incurred by the plaintiff in defending the proceedings instituted by the defendant to oust him of the possession of the premises, if such proceedings were illegal, and not instituted in good faith; also the value of the property not included in the chattel mortgage, which was taken or destroyed by the defendant while engaged in attempting to dispossess the plaintiff, and taken or removed for the purpose of compelling the plaintiff to vacate the premises.

It is not intended to intimate that upon the proofs in this case the jury were called upon to find that the plaintiff had sustained, or that he was entitled to recover from the defendant, all or any of the items of damage above referred to. They have been enumerated for the purpose of pointing out the issues which were raised by the pleadings and by the proof, and for the purpose of ascertaining

whether the rulings of the learned trial court to which exceptions were taken present such errors as require a reversal of the judgment.

The first exception to which attention is called is to the charge of the court, in which the jury are instructed, in substance, that if they find the facts as contended for in behalf of the defendant, and that the defendant acted in good faith, and as a reasonably prudent and cautious man would under the circumstances, they can find a verdict for the defendant. We think this charge is erroneous. If the defendant had committed trespass upon the plaintiff's premises; if he had caused him to be assaulted; if he had improperly used the process of the court to oust him from the possession of premises to which he was legally entitled; if by false statements he had induced the mortgagee in the chattel mortgage to take possession of the mortgaged property, to the damage of the plaintiff,—it was entirely immaterial whether the defendant acted in good faith in doing or causing those things to be done or not, or whether he acted as a reasonably prudent and cautious man would have acted under the circumstances. For each one of the acts above enumerated, if wrongful, the defendant was liable for at least the actual damages which they occasioned the plaintiff. Besides, it may be said, although it is of minor importance, that the defendant admitted that he took one article of property, to wit, a music stool, of the value of 75 cents, which was not covered by the chattel mortgage, and therefore the plaintiff was at least, and under any view of the case, entitled to judgment for that amount, and the charge that the jury might find a verdict for the defendant was erroneous.

We think the court erred in refusing to permit the jury to consider the question of the value of the chattel mortgage property taken by the defendant. It was alleged, and there was proof tending to show, that no facts existed which would justify the mortgagee, Perkins, in deeming himself unsafe, and taking possession of the property, and that he was induced to do so solely by the false statements made by the defendant to him, and made for the purpose of inducing him to act in such manner with reference to the property as would compel the plaintiff to surrender or abandon the possession of the hotel, and that the taking of the property was in fact defendant's act. Under those circumstances, we think it was proper for the jury to know the value of the property; its character; how essential, if essential, it was to the management and conduct of the hotel. The mortgagee, Perkins, testified that he would not have sold the property or foreclosed the mortgage had it not been for defendant's story to him that he was going to move the property out of the hotel, and obtain possession of the premises.

We think the court also erred in not permitting the plaintiff to prove the value of the attorney's services in defending the summary proceedings instituted by the defendant for the removal of the plaintiff from the premises. The charge is, and there is some proof tending to show, that such proceedings were instituted by the defendant willfully, and for the purpose of carrying out his plan to obtain possession of the premises, to which he knew he was not entitled. We think proof of the reasonable expenses incurred by the plaintiff in de-

fending his possession against such an assault was proper to be considered by the jury.

The learned trial court erred in refusing to allow the plaintiff to show that he did not run his hotel in the summer following the alleged illegal acts of the defendant, and from showing facts tending to prove that he was prevented from so doing by such acts. If the plaintiff's furniture was illegally removed by or under the direction of the defendant, and the plaintiff could not with reasonable diligence have replaced it in time to run the hotel the following summer, the damages he sustained thereby were recoverable in this action. For those errors the judgment should be reversed, and a new trial granted.

Judgment and order reversed, and a new trial ordered, with costs to the appellant to abide event. All concur.