(67 Misc. Rep. 428.)

### FRIEDGOOD v. KLINE.

(Supreme Court, Appellate Term. May 17, 1910.)

1. SALES (§ 442*)—BREACH OF CONTRACT—DAMAGES.

The fine, with its attendant expenses, to which plaintiff, a retailer, innocently became liable for selling, in violation of the pure food law, adulterated vinegar, in bottles labeled "Pure Cider Vinegar," as he had bought it of defendant, a wholesaler, was within defendant's necessary contemplation, when, with knowledge of the law, he sold it to plaintiff with false representation, or implied warranty, of the purity of the vinegar, so that defendant is liable therefor.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1290; Dec. Dig. § 442.*]

2. SALES (§ 442*)—BREACH OF CONTRACT—DAMAGES.

Where defendant, a wholesaler, with knowledge of the law, sold to plaintiff, a retailer, in bottles labeled "Pure Cider Vinegar," adulterated vinegar, with false representation or implied warranty of its purity, he was liable, not only for the fine, but for the costs imposed on plaintiff, and also the counsel fees incurred by him in an action by the state against him for violation of the pure food law, in retailing the vinegar as he had bought it, especially where plaintiff notified defendant and gave him opportunity to defend such action.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1290; Dec. Dig. § 442.*]

3. CONTRACTS (§ 139*)—BREACH OF CONTRACT—CAUSE OF ACTION.

Plaintiff's cause of action does not arise out of a violation of the law, so as to make it against public policy to permit recovery, but out of a breach of contract by defendant, where defendant, a wholesaler, sold adulterated vinegar to plaintiff, with false representation, or implied warranty, of its purity, and plaintiff, retailing it as pure, was fined under the pure food law.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 684, 685; Dec. Dig. § 139.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Bernard Friedgood against George C. Kline. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Nathan Bardack, for appellant.

James F. Fitz Gerald, for respondent.

BIJUR, J. Plaintiff, a retailer, bought from defendant, a wholesaler, vinegar in bottles labeled "Pure Cider Vinegar." In fact it was adulterated. Plaintiff sold one of these bottles, and was, in an action brought by the state, fined $100 penalty and $20 costs for a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

violation of the pure food law. The present action is brought to recover the amount of this fine and costs, plus $25 counsel fees incurred in defending the previous action.

The judgment below in favor of defendant was rendered on the theory that the damages were not within the contemplation of the parties, and that the cause of action arises out of a violation of the law, and that, therefore, it would be against public policy to permit a recovery.

Defendant, however, was both constructively and actually familiar with the law of this state, and was well aware of the risk which plaintiff innocently ran by reason of the false representation made, or implied warranty involved, in the contract of sale. Thus, the fine, with its attendant expenses, to which plaintiff innocently became liable, was within defendant's necessary contemplation. Hecla Powder Co. v. Sigua Iron Co., 91 Hun, 429, 432–434, 36 N. Y. Supp. 838.

The costs and counsel fee are clearly recoverable, particularly as plaintiff notified defendant and gave him opportunity to defend the action brought by the state. Whitney v. National Bank of Potsdam, 45 N. Y. 303, 305; Charman v. Hibbler, 31 App. Div. 477, 52 N. Y. Supp. 212.

The cause of action against defendant does not arise out of a violation of law by plaintiff, but out of a breach of a contract by defendant. The case of Hecla Powder Co. v. Sigua Iron Co., supra, arose under similar circumstances.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.