NAMAN J. ABOUNADER, Respondent, *v.* STROHMEYER & ARPE COMPANY, Appellant.

Fourth Department, May 5, 1926.

Sales — action by retail grocer to recover damages arising out of act of manufacturer in selling cans of salad oil containing less than quantity marked thereon — Department of Farms and Markets seized cans of oil from plaintiff — plaintiff may recover from manufacturer — fact that manufacturer is liable for penalty and also criminally does not bar action — action is based on violation of statutory duty — form of action is unimportant — measure of damage — plaintiff may recover shortage and expense incurred in relieving himself of personal liability.

The plaintiff, a retail grocer, may recover from the defendant, a manufacturer of salad oil, damages suffered by the act of the defendant in putting on the market for sale cans of oil containing less quantity than that marked on the cans.  The basis of the action is the violation by the defendant of a statutory duty.

The fact that the defendant may be liable to the State for a penalty, and may also be criminally liable, does not deprive the plaintiff of his right to recover the damage suffered by the act of the defendant.

Generally an action for damages caused by the breach of a statutory duty is in the nature of an action for negligence, but the form of the action is unimportant and it must be adapted to the particular facts and there seems to be no valid reason why its form may not be in the nature of an action based on fraud, or the broad warranty which the statute implies must be given.  The important question is, did the plaintiff sustain damages flowing directly from and as the natural consequence of the breach of a statutory duty.

The plaintiff may sue the manufacturer directly and is not required to sue the jobber.

Since it appears that a direct result of the act of the defendant was the seizure of several cans of oil by the inspectors of the State Department of Farms and Markets and the incurring of expense by the plaintiff by way of counsel fees to relieve himself of personal liability, the defendant is chargeable at least with the expense incurred by the plaintiff in thus relieving himself from personal liability for offering for sale cans containing less oil than that marked thereon. The defendant is liable also for the value of the shortage.

Appeal by the defendant, Strohmeyer & Arpe Company, from an order of the Supreme Court, made at the Oneida Special Term and entered in the office of the clerk of the county of Oneida on the 31st day of August, 1925, denying defendant's motion to dismiss the amended complaint upon the merits and to grant judgment in favor of the defendant, pursuant to section 476 of the Civil Practice Act.

*Zabriskie, Sage, Gray & Todd* [*George Gray Zabriskie* of counsel], for the appellant.

*R. S. Johnson,* for the respondent.

Davis, J. The appeal is from an order denying defendant's motion to dismiss plaintiff's complaint and for judgment.

The defendant manufactures a salad oil which it sells in tin containers at wholesale as an article of food. It places a label on these containers giving the trade name of the oil and stating " net contents $\frac{1}{4}$ Gal."

Certain of these cans of salad oil were sold and delivered to a wholesale dealer, from whom the plaintiff, a retail grocer, purchased twenty-four cans.

Some time after they had been so purchased, and on or about December 11, 1922, and March 15, 1923, inspectors for the Department of Farms and Markets came to plaintiff's place of business and seized several of these cans of oil so marked, carrying some away and leaving one marked as a means of identification.

Subsequently the plaintiff was notified by the Department that the cans of oil were short in weight and did not contain the full amount of oil in accordance with the statement on the label; and that thereby the plaintiff had incurred a penalty of $100 per can for the violation of law for selling and exposing for sale the said cans of oil. Thereafter the plaintiff employed counsel to protect him from liability for the penalty and obtained a settlement with the Attorney-General and the Department of Farms and Markets, incurring a bill for services and expenses of $350. The plaintiff claims to have been further damaged in his good name and reputation among his customers and acquaintances by reason of this charge of selling goods short in weight. The cans were not correctly marked but were actually short in quantity. These in brief are the allegations in the complaint which for the purpose of this appeal must be taken to be true.

The appellant contends that the action is brought on the theory of express warranty and the plaintiff is not entitled to recover because the benefit of a warranty does not run with the chattel on its resale and there was no privity of contract between the

parties. *Chysky* v. *Drake Brothers Co.* (235 N. Y. 468) is cited as a controlling authority to sustain appellant's position. This case, we believe, differs from the case relied on. As between one buying for consumption and the immediate seller, there may be an implied warranty as to the quality of food, at least to the extent that it is wholesome and fit for human consumption, if the purchaser acquaints the seller with the purpose of his purchase and relies on the skill and judgment of the seller. (*Race* v. *Krum,* 222 N. Y. 410; *Rinaldi* v. *Mohican Co.,* 225 id. 70.) The doctrine of implied warranty, at least as to merchantable quality, has been applied in the case of a sale from a wholesaler to another dealer. (*Aron & Co., Inc.,* v. *Sills,* 211 App. Div. 21; affd., 240 N. Y. 588.) The same general principle, we think, must be applied to the weight and measure of merchandise sold, where the act of weighing and measuring is performed by the seller. And though at common law or even under the Sales of Goods Act, the manufacturer may not be liable on the implied warranty to the ultimate purchaser, we do not understand this action to be brought upon such a theory, and the provisions of section 93 of the Personal Property Law* defining express warranty are not applicable. The complaint to be sure is inartificially drawn and the term " warranty " occurs therein, but the facts as stated make the nature of the action that for a breach of statutory duty.

Certain sections of the Farms and Markets Law provide in brief as follows: Section 188 (as amd. by Laws of 1922, chap. 360), that no person, with the knowledge that the same is false, shall use false weights or measures for determining the quantity of any commodity, or knowingly deliver less of such commodity than the quantity he represents; and the delivery of a lesser quantity than the quantity represented is presumptive evidence of knowledge by such person that the quantity actually delivered was less than the quantity he represented; section 189, that no person shall with intent to defraud, put upon any package containing merchandise a label containing a false description of the quantity, weight or measure of such article, or sell or offer or expose for sale an article which to his knowledge is thus falsely described; section 194 (as amd. by Laws of 1922, chap. 360), that when commodities are sold or offered for sale in containers, the net quantity of the contents of the container shall be plainly marked on the outside thereof in terms of weight or measure, with reasonable variations permitted.

The purpose and scope of the act is stated in section 3. It makes the production, manufacture, marketing and distribution of

---

* Added by Laws of 1911, chap. 571, known as the Sales of Goods Act.— [REP.

food matters of public interest and proper subjects of investigation, encouragement, development and regulation by the State to secure an abundant supply of pure and wholesome food, to protect the health of the inhabitants of the State, to secure the exchange of such food upon a fair basis, and to prevent frauds in the traffic therein, together with other purposes not pertinent here. For these reasons weights and measures are regulated by the act, violations are punishable by penalties in actions brought by public officials (§§ 39, 40, 44); and the money is paid into the State treasury (§ 45). Such violations may also be a crime (§ 41).

Do these remedies exclude those which may be invoked by a private person who has suffered injury? We think not. The infliction of a penalty or punishment for crime may come only after the wrong has been committed. Further violations may be deterred by vigorous prosecution, but that cannot be entirely consoling to one who has suffered loss by being cheated and defrauded.

The statute, to be sure, does not give in so many words a private right of action, but the command of the statute is that false weights, measures and labels shall not be used, and that correct weights and measures shall be placed on the containers. These are clearly duties imposed on the manufacturer or original seller. Any person may buy in reliance on the fact that these duties will be faithfully observed. Obedience to the statute by the manufacturer will obviate risks and losses by all purchasers. The sale of food is declared to be a matter of public interest and the purpose of the statute is to prevent frauds in the traffic therein.

To one of the class for whose benefit the statute was enacted the right to recover damages from the wrongdoer is implied. This has long been the rule. In *Willy* v. *Mulledy* (78 N. Y. 310) EARL, J., says (p. 314): " When a statute imposes a duty upon a public officer, it is well settled that any person having a special interest in the performance thereof may sue for a breach thereof causing him damage, and the same is true of a duty imposed by statute upon any citizen * * *. In Comyn's Digest, *Action upon Statute* (F.), it is laid down as the rule that ' in every case where a statute enacts or prohibits a thing for the benefit of a person, he shall have a remedy upon the same statute for the thing enacted for his advantage, or for the recompense of a wrong done to him contrary to the said law.' " (See, also, *Ward* v. *Erie R. R. Co.*, 230 N. Y. 230; *Karpeles* v. *Heine*, 227 id. 74; *Texas & Pacific R. Co.* v. *Rigsby*, 241 U. S. 33.) In *Brown* v. *Shyne* (242 N. Y. 176, 180) the rule is thus stated: " For injury caused by neglect of duty imposed by the penal law there is civil remedy; but of course the injury must follow from the neglect."

" Whether a statute gives a cause of action to a person injured by its violation, or whether it is intended as a general police regulation, and the violation made punishable solely as a public offense, ' must to a great extent depend on the purview of the Legislature in the particular statute and the language which they have there employed.' " (*Amberg* v. *Kinley*, 214 N. Y. 531, 535; quoted and approved in *Karpeles* v. *Heine, supra,* 79.) Here the statute, as we believe, was intended primarily for the protection of those who had occasion to purchase food. It is obviously impracticable for the immediate purchaser to determine the exact quantity contained in a sealed can. He must rely on the label. If it is false, he pays for more than he receives and is thereby defrauded; if he desires to make a resale he is exposed to the risk of incurring penalties or prosecution, and of being regarded a cheater by his customers. Such remedial statutes should receive a broad and liberal construction and if a person falls within the class which the law seeks to protect, protection and remedy should be afforded him. (*Racine* v. *Morris*, 201 N. Y. 240, 245.)

The fact that the State also has an interest in protecting its citizens from fraud, and imposition, and may regulate matters of domestic trade by enforcing obedience of the statute through punishment of offenders, does not exclude a civil remedy to the person injured. (See cases cited in note XX, L. R. A. 1915E, 561.) Before the statute was enacted there existed a remedy against the party immediately guilty of the fraud. Has the statute imposed a duty on the more remote party who manufactures and labels the packages intended for general sale? There seems to have been no determination by the courts of the effect of this particular statute. We must consider general principles of liability, and the effect of statutes somewhat similar in their nature. In considering the right to bring an action for damages suffered through a violation of the Federal Safety Appliance Act, where no civil remedy was given in express words, the Court of Appeals has said: " The statute in scheme and framework is instinct with plan and purpose to maintain a remedy and fortify it. * * * It is written there in substance: any one for whose benefit this statute is enacted shall have, in case of violation, a right of action for his damages." (*Ward* v. *Erie R. R. Co., supra,* 234.) Provisions giving in express terms the right to bring a civil suit by the person aggrieved are often omitted from statutes defining duties where violation results in private injury and recovery is had.

The English doctrine is similar to that generally prevailing in this country. In volume 27 of Halsbury's Laws of England (§ 331) it is said: " A statute may impose a duty in such terms that a

right of action will accrue to any person injured by a breach of or failure to perform it, even when the statute provides some other sanction for the purpose of ensuring its performance." And again at section 378: "Notwithstanding the fact that a breach of a statutory duty may in some circumstances be excused so far as penal consequences are concerned, any person who has sustained injury from the non-performance of a statutory duty can claim damages from the person on whom the duty is imposed, where such non-performance amounts to a breach of a duty owed to the person injured."

Generally the action for damages caused by a breach of statutory duty is in the nature of an action for negligence. (*Willy* v. *Mulledy, supra; Racine* v. *Morris, supra; Ward* v. *Erie R. R. Co., supra;* Street's Foundations of Legal Liability, 172 *et seq.*) But the form of the action is unimportant, and it must be adapted to the particular facts. Such an action is not to be confounded with one based solely on negligence. (*Amberg* v. *Kinley, supra,* 535.) There is no valid reason why its form may not be in the nature of an action based on fraud, or the broad warranty which the statute implies must be given. The important question is, did the plaintiff sustain damages flowing directly from, and as a natural consequence of, the breach of statutory duty? An action might lie against the wholesaler, who in turn might sue the manufacturer. (*Aron & Co., Inc.,* v. *Sills, supra,* 25.) Circuity of action may be avoided by holding the original wrongdoer liable for his own acts which made the damage possible. It has been held that there may be an express or implied warranty from the manufacturers of food placed in original sealed packages to any buyer although there is no privity of contract between them. (See *Mazetti* v. *Armour & Co.,* 75 Wash. 622.) We do not need to base the cause of action on warranty alone.

The appellant challenges the plaintiff's right to recover any damages. He would, undoubtedly, have the right to recover the value of the shortage. That loss very evidently followed as a direct consequence of reliance on the false labels placed on the cans by defendant. Had he been obliged to pay penalties or fines, recovery might be had as that loss would quite obviously flow from the breach complained of. (*Hecla Powder Co.* v. *Sigua Iron Co.,* 91 Hun, 429; affd., 157 N. Y. 437; *Friedgood* v. *Kline,* 67 Misc. 428.) Likewise, counsel fees necessarily paid in defending a suit brought in consequence of another's wrong may be a proper element of damage. (*O'Horo* v. *Kelsey,* 60 App. Div. 604; 1 Sedg. Dam. [9th ed.] § 241; 17 C. J. 809 *et seq.*) Under the provisions of sections 39 and 196 of the Farms and Markets Law, the plaintiff was

able to make proof before the Attorney-General of lack of personal guilt in selling or exposing for sale goods falsely labeled and insufficient in quantity. His expense in pursuing that course was not materially different in character from that in defending an action; and to the extent of expense reasonably and necessarily incurred, may constitute recoverable damages. (*Hynes* v. *Patterson*, 95 N. Y. 1; 17 C. J. 810, 811, and cases cited.) Beyond this we are at present unable to determine that the plaintiff has set up any recoverable damages. The damages which he may recover, we repeat, are such as flow directly from the breach of duty imposed by the statute. (See Halsbury's Laws of England, *supra*, § 379.)

Sufficient facts are stated in the complaint so that we may determine that a cause of action is set forth therein. The order should be affirmed, with ten dollars costs and disbursements.

HUBBS, P. J., SEARS, CROUCH and TAYLOR, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.