TOWN OF WATERFORD, Appellant, *v.* L. B. BROCKETT LUMBER Co., INC., Respondent.

Third Department, November 20, 1929.

George E. O'Connor [*Thomas O'Connor* and *Gerald W. O'Connor* of counsel], for the appellant.

James H. Glavin, Jr. [*Benjamin K. Walbridge*, of counsel], for the respondent.

DAVIS, J. The plaintiff seeks to recover treble damages for injuries to its improved highway caused by the defendant. The highway in question extended northerly and westerly from the village of Waterford to the town of Halfmoon, in Saratoga county. The defendant owned two timber tracts in the towns of Halfmoon and Clifton Park. The highway was of ordinary macadam construction, the upper or " seal " coat consisting of asphalt and fine crushed stone thoroughly rolled. It was completed late in the fall of 1926. Shortly thereafter the defendant began hauling logs on trucks from its timber tracts over this newly-constructed road. All of these trucks, except one, had hard rubber tires. They were licensed to carry loads varying from 5,100 pounds to 8,900 pounds. To some of these trucks trailers were attached, licensed to carry loads of 5,000 to 6,500 pounds. It appears that the rear wheels of the trucks and the wheels of the trailers were sometimes equipped with heavy steel chains, the links of which were about two inches long, the metal being from about five-sixteenths to seven-sixteenths of an inch in diameter. It is the claim of the plaintiff that the defendant with trucks so equipped drew excessively heavy loads over this road during the fall and winter and until about March 1, 1927, causing practical destruction of the entire " seal " coat or surface of the road; and that the cost of replacing it has been $1,450.

As a nonsuit was granted on the trial, we may assume that it

was fairly established that the trucks of defendant were responsible for the damage, and we need to consider only whether the defendant became liable therefor.

The plaintiff relies upon section 330 of the Highway Law (as amd. by Laws of 1910, chap. 568) to maintain its action. That section provides, so far as material here, as follows: " Whoever shall injure any highway  *  *  *  by drawing or propelling over the same a load of such weight  *  *  *  that will destroy, break or injure the surface of any improved State, county or town highway, or by any other act,  *  *  *  shall for every such offense forfeit treble damages."

The defendant argues that this section has no application to the facts in this case; that it was intended to cover some specific injury occurring at a particular time, or injuries resulting from willfulness and not from use.

We do not take such a narrow view of the purpose of the statute. The public highways are acquired, constructed and held by the State in trust for the use of all the people. It is undoubtedly the legislative purpose in providing for their construction and maintenance that for ordinary use, transportation and traffic in any reasonable manner they are open and free to all persons. The Legislature, representing the sovereignty of the State, has control and authority over the highways, unrestricted except by the provisions of the Constitution. (*Bradley* v. *Degnon Contracting Co.*, 224 N. Y. 60, 67.) In exercising such control, the Legislature has the right to consider the convenience of the great majority of the citizens and the burdens that may be imposed upon them by taxation for constructing and maintaining highways. It has the power and right to exclude from the use of the highways persons using vehicles constituting a danger to persons traveling, or to the integrity of the highway itself. (*People* v. *Rosenheimer*, 209 N. Y. 115, 120 *et seq.*) The Highway Law, and the recent recodification known as the Vehicle and Traffic Law, are filled with examples of the exercise of this power. Some, like those regulating the equipment of vehicles with proper lights and brakes, and the speed at which they are permitted to travel, the precautions that must be taken by the driver and the width of vehicles, are addressed chiefly to the safety of travelers. There are other provisions intended to protect and preserve for ordinary and common use the improved highways constructed at great expense. Section 24 of the Highway Law (renum. from § 22 by Laws of 1913, chap. 80, as amd. by Laws of 1922, chap. 371; now § 21, as renum. and amd. by Laws of 1927, chap. 88) provided that the Commissioner of Highways (now Superintendent of Public Works) might, for the

protection of any State or county highway, prescribe the width of tires to be used on such highways and prohibit the use of chains or armored tires by motor vehicles. Section 282-a of the Highway Law (added by chapter 533 of the Laws of 1918, as amended by chapter 361 of the Laws of 1926; now section 14 of the Vehicle and Traffic Law) prescribes the maximum weights which may be carried by motor vehicles on a highway. Section 331 of the Highway Law of 1909 exempted a town from liability for any damage resulting from transportation over any bridge, sluice or culvert of a load weighing eight tons or over, and made the owner or other person engaged in such transportation liable for all damages resulting therefrom. Without citing further protective statutes, we think the general legislative purpose is clear that all persons are forbidden to cause unnecessary injury or destruction to an improved highway. In other words, there is no absolute right on the part of any person to use the highways in an unreasonable manner, so that life may be endangered or the highway may be injured and rendered impassable. Highways are intended for the convenient passage of traffic ordinarily to be expected under present conditions by vehicles in common use. When so used there will be gradual wear and deterioration which will be augmented by weather and climatic conditions. But highways are not built to serve the needs of some particular person, who wishes to use them for a special and unusual purpose.

The apparent object and purpose of the statute in question is to deter persons from damaging the highways by drawing over them excessively heavy loads or " by any other act." If the statute was not intended to cover the situation presented here, we are at a loss to understand what evil it was designed to prevent, except possibly casual or willful injuries. Would a man be liable for a single offense causing slight damage, and be held blameless for persistent, continuous offenses of the same character resulting in great damage, because all of the offenses did not occur in the course of a single trip or on a particular day, but extended through successive days over a considerable period of time? That conclusion does not seem reasonable. The main purpose of the statute was to protect the highway for its ordinary use, and to save the expense of frequent reconstruction. Penalties are visited upon those who lightly regard the rights of others. We think the rule of liability is to be applied whether the injury is the result of a single act or of several continuous, related offenses against the statute. There is no immunity to be gained by repeated injuries. We are not dealing here with a case of natural wear or attrition, but with one of continued visible injury resulting

in destruction where excessively heavy loads were transported on vehicles equipped with heavy chains. Nothing is said in this section concerning the use of chains or other equipment. But the use of chains on these hard rubber tires was one substantial cause of the injury and may be regarded as an injury caused " by any other act."

The question of willfulness need not be considered. A willful injury to a highway is a crime punishable as such. (Penal Law, § 1423, subds. 1, 9.) There can be no controversy over the existence or non-existence of negligence, for if injury is established resulting from violation of the statute, liability must follow. The violation of the statute makes the presumption of fault conclusive. (*Jones* v. *Brim*, 165 U. S. 180, 183; *Amberg* v. *Kinley*, 214 N. Y. 531; *Abounader* v. *Strohmeyer & Arpe Co.*, 217 App. Div. 43; affd., 243 N. Y. 458.) In *Jones* v. *Brim* (*supra*) the action was brought to recover damages resulting to a highway because of a violation of a statute of the Territory of Utah which made liable any person who drove a herd of domestic animals over a public highway constructed on a hillside, and damage was caused by the animals in destroying the banks or rolling rocks into or upon such highway. The plaintiff recovered, and the judgment was affirmed in the Supreme Court of the United States.

We have here no question of sufficient pleading. The complaint was dismissed in the court below on an interpretation of the statute with which we do not agree. Our discussion is based on the record before us. The defense was not presented on the trial. In what we have said we have no purpose to foreclose the defendant in any defense it has. We hold the plaintiff made a *prima facie* case, and the judgment of nonsuit was error.

The judgment should be reversed on the law and a new trial granted, with costs to appellant to abide the event.

VAN KIRK, P. J., WHITMYER, HILL and HASBROUCK, JJ., concur.

Judgment reversed on the law and new trial granted, with costs to the appellant to abide the event.