PHILLIP ROLLIN, Plaintiff, *v.* GRAND STORES FIXTURES Co., INC., and Others, Defendants.

Supreme Court, New York County, June 24, 1930.

*Rabenold & Scribner*, for the plaintiff.

*Morris W. Vogel*, for the defendants Grand Stores Fixtures Co., Inc., and Samuel D. Cohen.

COTILLO, J. Plaintiff brings this action in equity to restrain defendants from negotiating or enforcing a series of twenty-eight notes made by plaintiff, to compel the cancellation of such notes, to recover damages against the corporate defendant for its breach of contract, as well as damages against all defendants arising out of their wrongful acts in connection therewith. Plaintiff owns and operates a retail drug store at No. 694 Mace avenue, borough of The Bronx. The defendant Cohen is president and general manager of the corporate defendant, which is engaged in the business of selling and installing store fixtures. Pollane, an attorney, represented his codefendants in certain transactions arising out of the relations between the parties. On August 21, 1928, the corporate defendant contracted in writing with plaintiff to furnish and install certain fixtures in the latter's drug store for the sum of $1,900, and

agreed that such fixtures would be " installed within three weeks from date or seller agrees to pay purchaser the sum of ($200) dollars." Plaintiff paid $200 upon execution of the contract and agreed to pay $150 upon delivery of the fixtures, $150 upon installation and the balance of $1,400 in monthly installments, beginning November 14, 1928, evidenced by a series of notes. The contract period of three weeks expired September 11, 1928. In spite of plaintiff's efforts the corporate defendant had failed to complete deliveries or installations. On October 3, 1928, a partial delivery was made, at which time defendant demanded and plaintiff paid the further sum of $150. At the end of October defendant was still in default, and on the thirtieth of that month the parties entered into a new agreement by which the corporation acknowledged that it had not laid the tile floor or installed the electrical fixtures, mirrors and glass, partitions, ladders and other items. It agreed to recommence work thereon and to complete the same on or before November 13, 1928. Plaintiff then made a further payment of $150 and executed twenty-eight notes of $50 each, payable monthly. These notes are the subject-matter of this suit. By the agreement of October 30, 1928, it was stipulated that these notes were " to be held in escrow " by defendant Pollane, attorney for Cohen and the corporation, " and delivered to the party of the first part herein [defendant corporation] after all of the work as hereinafter mentioned is completed." Pollane signed and delivered to plaintiff a receipt for such notes, stating they were " to be held in escrow by me, and to be turned over to Grand Stores Fixtures Co., Inc., after work is completed as per agreement, within two weeks; otherwise to be retained by me." The work was not completed by November thirteenth as agreed, and was never completed by the defendant. Cohen, its president, called at Pollane's office and obtained from his clerk the twenty-eight notes, and the first one, due December 15, 1928, was presented for payment. As early as November 8, 1928, Pollane had been notified by letter that the defendant corporation had not started to complete the job, and warned not to deliver the notes. After they had been obtained by Cohen, Pollane professed to be unable to secure their return and failed to do so. Upon the institution of this action and the service of an order enjoining the transfer or enforcement of the notes, they were delivered to plaintiff's attorneys to be held pending the outcome of this action.

The facts clearly establish that the corporation defaulted in the performance of its contract, and that the notes should be voided. It is also clear that all defendants participated in the violation of the escrow agreement under which the notes were deposited with Pollane I am satisfied that Cohen could not have obtained possession thereof

without Pollane's connivance, either active or passive. For this reason I hold that not only should plaintiff have judgment decreeing that the notes be canceled, and for damages against the corporation for its failure to perform, but that all the defendants should be held liable for the damages flowing from the tortious acts participated in by them.

Plaintiff's proof of damages incurred by reason of the defendant corporation's refusal to perform was in some respects incomplete owing to difficulties experienced by his counsel in obtaining evidence of value of certain articles. Omitting the items concerning which proof was excluded, there are five items of which evidence was received subject to a motion to strike out. Stipulated damages of $200 for non-performance was provided for in the August agreement, which was not abrogated by the later agreement and plaintiff is entitled thereto. It is claimed by defendants that there was no proper proof of the value of the items of glass work and mirrors concededly not installed. Plaintiff testified that he paid $402 for the installation of these items, and produced a receipted bill therefor. Klahr, who furnished the material and did the work, had been engaged in that line of business for himself for twenty-eight years. He testified on direct that the price paid by plaintiff was reasonable. Defendant did not cross-examine, but the witness in answer to questions by the court said that he was familiar with every item on the bill and that the price of each item was reasonable. I am not impressed with Cohen's testimony that the glass furnished by Klahr was of a more expensive grade than that called for by the contract. Klahr's testimony was to the effect that he supplied the glass called for by the agreement. The item of $402 was properly proven and is allowed. Plaintiff testified in detail as to the carpenter work left unfinished, and to the employment of the carpenter, Brown, who was engaged a week in remedying these conditions. The payment of $75 was properly proven to be necessary and reasonable and is allowed. Plaintiff purchased two ladders for the sum of $64.20, a price shown by the testimony to be proper for ladders of the kind. The claim that the contract called for whitewood with mahogany finish instead of birch is not sustained. The whitewood specification does not include the ladders mentioned in that paragraph any more than it does the Tennessee marble. The testimony of the witness Munn was competent to establish the reasonable cost of birch ladders of the kind purchased by plaintiff. The fact that Munn did not know the value of whitewood ladders is immaterial as the contract does not call for them. It speaks only of ladders, with a marble base around the front store fixtures, the *latter* to be of whitewood. The only testimony in the case in reference to electrical fixtures is the

price paid in the open market by plaintiff for such fixtures as were required to complete the contract. This I received as some proof of the value. No evidence was offered to offset it, and I will permit it to stand. The fact that all the items purchased, plus the $500 paid by plaintiff, amounted to less than $1,200 would indicate that the values fixed were not excessive. The motions to strike out this testimony are denied, and plaintiff's damages for the non-performance of the contract are fixed at $831.90. In view of the fact that the notes are decreed to be void, as well as the chattel mortgage upon the fixtures, plaintiff would have profited rather than suffered any monetary damage by reason of this failure to perform, so far as his proof herein is concerned. This brings us to the main question of law involved in the case. Plaintiff seeks to recover by way of damages the cost of this suit, including a reasonable attorney's fee. In an action at law such a recovery could not be had in the action in which the expense was incurred.

It is urged that in an equity action, based on tort, plaintiff may recover all the damages shown to exist at the time of judgment which naturally flow from the wrong complained of. It is axiomatic that a court of equity, once it has jurisdiction of the action, [will settle all the controversies embraced in the pleadings and mold its relief to meet the situation as it exists at the time of judgment. The present case is properly brought in equity. Plaintiff was not obliged to wait until sued on each of the twenty-eight notes and interpose his defense of failure of consideration. Aside from the question of multiplicity of actions, it would be unsafe to do so, as the notes, being negotiable and payable over a period of twenty-eight months, might be expected to come into the hands of innocent holders for value, against whose suit plaintiff would have no defense. Plaintiff's only safe course was this action in equity for the cancellation of the notes, in which transfer thereof could be enjoined. This is the main subject-matter of the action, which was necessitated by the wrongful acts of the defendants, amounting to a conversion. It is clear that Cohen and the corporation acting through him are guilty of conversion in wrongfully taking property placed in escrow without compliance with the escrow agreement. (*Boyer* v. *Fenn*, 19 Misc. 128.) Pollane received the notes in a trust capacity. He permitted them to go out of his possession in violation of the escrow terms, and made no effort to recover them. He is also chargeable with conversion. (*Hynes* v. *Patterson*, 95 N. Y. 1; *Petrie* v. *Williams*, 68 Hun, 589.) The action is, therefore, one necessitated by the wrongful acts of all defendants.

The question remains as to whether counsel fees and other expenses incurred herein may be recovered as part of the damages

naturally flowing from the torts complained of. A statement of the proposition logically indicates an affirmative answer. Every person is responsible for the consequences of his wrongdoing and may be held for all damages naturally and proximately caused thereby. This suit was made necessary by defendants' acts, which are clearly tortious. It could have and should have been reasonably anticipated by defendants. No other form of relief was adequate. Costs, disbursements and counsel fees are natural attributes of such an action. We are not without legal precedents authorizing such a recovery. In *Quinby* v. *Strauss* (90 N. Y. 664) plaintiff sued a number of defendants in conspiracy, charging that by their acts they had wrongfully prevented plaintiff from recovering upon judgments obtained by him against one of the defendants. An examination of the record on appeal in that case shows that counsel fees were allowed as part of the damages occasioned by the wrongful acts of the defendants. The Court of Appeals said: " The court charged in substance that if the jury were satisfied that defendants were guilty of the conspiracy charged plaintiffs were entitled to a verdict for the amount of the judgments, and for such amount for the trouble and inconveniences as the jury should consider had been proved to have been sustained by plaintiffs." This measure of damage was approved by the Court of Appeals. In the *Hynes Case* (*supra*) defendant transferred a note made by plaintiff to third parties in violation of the agreement pursuant to which it was given. Plaintiff was sued thereon and obliged to pay. The Court of Appeals held that plaintiff could have included attorney's fees expended in that action in his complaint in the action brought by him against defendant to recover damages for the latter's unlawful transfer of the note. Other cases involving a similar theory are *O'Horo* v. *Kelsey* (60 App. Div. 604) and *Abounader* v. *Strohmeyer & Arpe Co.* (217 id. 43). Defendants in their brief point out distinctions between such cases and the case at bar, which in fact exist, but do not change the principle here involved. *Quinby* v. *Strauss* cannot be successfully distinguished, and the cases relied upon by defendants fail to destroy the principles laid down in plaintiff's cases. I hold that plaintiff is entitled to recover as part of the damages flowing from defendants' unlawful acts the disbursements incurred herein amounting to $279.98, plus a reasonable counsel fee for services in securing the injunction herein and carrying the case through to a judgment canceling the notes.

While it is difficult to fix fees of counsel, I am of the opinion from what has been shown by the testimony herein and from my knowledge of what has been done in this case, derived from an inspection of the papers on file herein, that a fee of $1,500 is just and

reasonable for the services necessitated by defendants' acts and the trouble and inconvenience to which plaintiff was thereby put. Complaint is made that the sum demanded is out of proportion to the amount of the notes. The situation was not of plaintiff's choice. He did not sue for gain, but to prevent loss. He was entitled to competent legal aid, which he unquestionably secured, and to be reimbursed for his trouble. Defendants are in no position to protest, for their tortious acts brought about the situation. The contention that plaintiff should be limited to nominal damages was raised in the *Quinby* case and repudiated by the Court of Appeals. I find plaintiff's proven damage to be $2,611.88, made up of $1,500 for counsel fee and plaintiff's trouble and inconvenience, $279.98 disbursements, and $831.90 as damages for failure to complete the contract. Although defendant seems to be precluded from asserting its counterclaim because of an order herein, unappealed from, this is a court of equity, and it would not be doing equity to decree the cancellation of the notes and at the same time award damages as though they had been paid or were enforcible obligations. The judgment herein should, therefore, award plaintiff damages in the sum mentioned, $2,611.88, less the amount of the notes, or $1,211.88, in addition to decreeing the cancellation of the notes and the chattel mortgage upon such fixtures as were installed by the defendant corporation. Other motions to strike out testimony were made during the trial and are urged in defendants' brief.

It is asserted that the defendant corporation had no part in the conversion of the notes and cannot be held liable therefor. A corporation can only act through its officers and may be liable for their tortious acts. (*Fishkill Sav. Inst.* v. *National Bank of Fishkill*, 80 N. Y. 162.) Cohen was an officer and in active charge of the transactions in suit from the execution of the contracts down to the very end. It is not to be presumed that in taking the notes from the custody of Pollane he stole them from his own corporation in addition to the tort committed against plaintiff. It is not claimed by him that he converted them to his own use as against the corporation, but merely that the corporation had no knowledge of his act. This latter claim does not suffice, and the motion to dismiss as to the corporation is denied. The claim of confidential communication raised on the trial in objecting to the testimony of Pollane's clerk concerning the taking of the notes by Cohen is not stressed by defendants in their brief. The testimony may well be disregarded, for Cohen himself testified to the taking of such notes, as did Pollane.

No other objections raised on the trial are pressed by defendants, and the remaining motions upon which decision was reserved may be deemed denied. Submit findings and decision in accordance herewith.